## William N. Watters v. Cyrus De La Matter et al.

1. MALICIOUS PROSECUTION—*Insufficient Allegations in Declaration.* —In an action for malicious prosecution, a declaration which does not aver that the defendants solicited the warrant from the magistrate, nor set out any complaint, either written or oral, made by them. or either of them, and does not even charge that any warrant was issued by the magistrate, except inferentially, nor allege neither malice nor want of

probable cause, is insufficient to sustain a charge of malicious prosecution.

2. False Imprisonment—*Declaration Insufficient to State a Good Cause of Action.*—A count in a declaration can not be held good as stating a case of false imprisonment, where it does not charge that the warrant was not a valid one, or that the defendant was illegally arrested or restrained of his liberty.

Trespass on the Case, for malicious prosecution and false imprisonment. Appeal from the Circuit Court of Kankakee County; the Hon. John Small, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

William N. Watters, attorney *pro se.*

T. F. Donovan and T. W. Shields, attorneys for appellees.

Mr. Presiding Justice Higbee delivered the opinion of the court.

In this case a special demurrer was sustained to a declaration filed by appellant against appellees, and no amendment having been made, judgment was entered against appellant for costs, from which he appealed to this court.

The declaration consisted of a single count, which was quite lengthy and very informal. It apparently seeks to charge defendants with a combination of malicious prosecution and false imprisonment. Parts of the count contain a recital of facts, which might properly have been shown on a trial of the cause, but had no proper place in the declaration. It also improperly stated declarations alleged to have been made by defendants, and the conclusion of plaintiff as to the effect of the same. The count fails to state a case of malicious prosecution. It charges that Cyrus De La Matter counseled and advised Edith De La Matter " to take the team by the house in the forenoon of February 1, 1902, to go to a justice of the peace and have a warrant issued against Wm. N. Watters, the principal of the school, for the crime of burglary;" that Cyrus counseled and advised Edith to go and cause and procure said police magistrate " to make and grant his certain warrant, under his hand, for the apprehending and the taking

of the plaintiff, and for bringing the plaintiff here before him, to be dealt with according to law, for the supposed crime of burglary; " that Watters was arrested and brought before the police magistrate, who, upon an examination of the case, discharged him. The count does not aver that either defendant did, as a matter of fact, solicit the warrant from the magistrate, nor does it set out any complaint, either written or oral, made by them, or either of them. It does not even charge that any warrant was issued by the magistrate, except inferentially. Neither malice nor want of probable cause, both of which are necessary to sustain a charge of malicious prosecution, are so definitely charged as to make the count a good one.

The count can not be held good as stating a case of false imprisonment, because it does not charge that the warrant was not a valid one, or that appellant was illegally arrested or restrained of his liberty. Morrell v. Martin, 17 Ill. App. 336; Mexican Cent. Ry. Co. v. Gehr, 66 Ill. App. 173.

There are other defects in the count to which we might call attention, but as the declaration must be taken most strongly against the pleader, it is apparent, from what is above said, that the demurrer was properly sustained and that the judgment of the court below must be affirmed.