PUBLIC LITHO SERVICE, INC., Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

(Nos. 55383, 55540 cons.;

First District—November 3, 1972.

Howard & French, of Chicago, (Stuart Litwin, of counsel,) for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Gayle F. Haglund, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal from an order dismissing the plaintiff's complaint. The defendant moved for dismissal on the ground that the plaintiff had failed

to comply with the six-month notice requirement of section 8—102 of the Local Government and Governmental Employees Tort Immunity Act. (Ill. Rev. Stat. 1965, ch. 85, par. 8—102.) That section requires the municipality to be given notice of any impending action for injuries within six months of the date of the injury. Under section 8—103 of the Act failure to comply with section 8—102 bars forever the bringing of the action.

An employee of plaintiff was injured in a fall on a public sidewalk on August 22, 1967. On February 14, 1968, the Illinois Industrial Commission approved a workman's compensation contract of settlement between plaintiff and its employee in the amount of $6,072.29. The plaintiff, pursuant to section 5 (b) of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.5(b)), brought suit against the City seeking repayment for the workmen's compensation award, alleging that the employee's fall and injuries were a consequence of the City's failure to properly maintain the sidewalk. Plaintiff gave notice to the City, attempting to comply with section 8—102 of the Tort Immunity Act, on August 14, 1968, exactly six months after the Industrial Commission approved the settlement contract but almost a year after the injury.

At issue here is the determination of when the six month period required under section 8—102 began to run. Plaintiff contends that *its* cause of action did not accrue until February 14, 1968, when, by virtue of the Industrial Commission's approval of the contract of settlement, it became liable to the injured employee in the amount of $6,072.29. It is from this date, plaintiff contends, that the six months should begin to run. The defendant contends that the six months began to run on the date of the employee's fall and that hence the plaintiff failed to give timely notice, citing section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, par. 8—102), which provides:

"Within six months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, * * * must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred,

the general nature of the accident and the name and address of the attending physician, if any."

■■ The plaintiff's argument assumes that "cause of action," as that term is used in section 8—102, refers to *any* type of action. However, we believe, that a straightforward reading of the section shows that it is limited to injuries or causes of actions arising from accidents. The section requires the statement of notice to include the name and address of the person injured, the type of the injury, the time and location of the accident, the general nature of the accident and the name of the attending physician. This clearly demonstrates, as does the title of the Act (Tort Immunity Act) in which the section appears, that the section refers only to tort claims and not to other causes of action against a municipality.

■■ However, plaintiff argues that it brought suit against defendant under section 5 (b) of the Workmen's Compensation Act and that therefore its cause of action arose on the day of the Workmen's Compensation settlement. This section is intended to "make whole" an employer who, though not liable under ordinary tort law, is nevertheless liable to his injured employee under the Workmen's Compensation Act. Section 5 (b) (Ill. Rev. Stat. 1967, ch. 48, par. 138.5 (b) ), states in relevant part:

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. * * *

* * *

In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representatives all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act * * *."

By its language, section 5 (b) subrogates the employer to the rights of the employee and does not give the employer any other right of action against a third party.

It has been interpreted by the Illinois courts to mean that the date for determining when the action is barred is calculated from the date of the employee's injury. (*Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322, 138 N.E. 658.) In *Super Valu Stores v. Stompanato*, 128 Ill.App.2d 243, 261 N.E.2d 830, the subrogated insurer of an employer attempted to bring an action against third party tavern owners under the Dram Shop Act. As in the case at bar, the plaintiff contended that its cause of action under section 5(b) of the Workmen's Compensation Act did not accrue until the date of the workman's compensation award. It was held, however, that the cause of action arose on the date of the employee's injury, and that therefore the complaint had been properly dismissed for being filed after the expiration of the Dram Shop Act's one year period of limitation. The court rejected the contention that Section 5(b) of the Workmen's Compensation Act created a new cause of action in the employer.

It should also be noted that giving effect to the theory advanced by the plaintiff would not only be contrary to Section 5(b) of the Workmen's Compensation Act but would also tend to frustrate the general policy behind Section 8-102 of the Tort Immunity Act. In *King v. Johnson*, 47 Ill.2d 247, 250-251, 265 N.E.2d 874, the court, in commenting on that section, stated:

> "The purpose of this statute is to furnish timely notice of injury so that there can be an investigation and a prompt settlement of meritorious claims. Local public entities, unlike the private or corporate individuals, must determine their budgets in advance for taxing purposes. Knowing within a reasonable length of time the approximate number of claims against them, facilitates this operation. Notice of possible tort claims within six months is reasonably related to the legislative purpose of imposing tort liability on all local governmental entities on a fair and orderly basis."

In the case at bar defendant was not given notice until August 14, 1968, almost one year after the employee fell on the sidewalk.

Within the six month period the employer knew of the employee's injury through the compensation claim, and there is no reason to believe that the employee would not have cooperated with the employer in filing the required notice with the defendant. We note that even after the approval of the contract of settlement on February 14, 1968, plaintiff still had eight days in which to comply with Section 8—102 and thereby preserve the cause of action.

The order dismissing the complaint is affirmed.

Order affirmed.

LORENZ, P. J., and ENGLISH, J., concur.