JAMES COLESON, Plaintiff-Appellant, *v.* W. C. SPOMER *et al.*, Defendants-Appellees.

(No. 74-294; ▮▮▮▮▮▮▮▮▮▮

Fifth District—August 25, 1975.

Dennis J. Hogan, of Cairo, for appellant.

S. L. Spomer, of Cairo, for appellee W. C. Spomer.

W. C. Spomer, of Cairo, for appellee Ford Barkett.

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, Assistant Attorney General, of counsel), for appellees Judges O'Shea, Porter and Kunce.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Alexander County dismissing plaintiff's complaint with prejudice. The complaint alleged that in May, 1973, defendant W. C. Spomer, State's Attorney of Alexander County, Illinois, and defendant the Honorable Michael O'Shea, Associate Judge of the First Judicial Circuit of Illinois, "acting in concert without legal authority and in excess of their authority" required plaintiff to post bond in the amount of $1,000 for release from custody under a two-count information; that in June, 1973, defendant the Honorable Robert Porter, Circuit Judge of the First Judicial Circuit of Illinois, "acting without sufficient legal authority * * * and in excess of his authority" continued the bond and extended it to a second information; and that in June, 1973, defendant the Honorable Peyton Kunce, Circuit Judge of the First Judicial Circuit of Illinois, "acting without sufficient legal authority * * * and in excess of his authority" caused an "administrative flowing together" (apparently joinder) of the two cases. The complaint further alleged that the effect of these actions "wrongly attached and falsely imprisoned the person of plaintiff, James Coleson, to the extent of at least the difference between $5 and the balance of the required $100 deposit of bail security" posted by plaintiff. The complaint prayed for declaratory judgment of the "possessory rights" of plaintiff as against defendant Ford Barkett, clerk of the Alexander County Circuit Court, in the balance of the bail security, and for "special attorney fee, secretary fee, interest and other special damages plus general damages in the amount of One Hundred Thousand Dollars from defendants Spomer, O'Shea, Porter and Kunce sued jointly and individually as tortfeasors."

The defendant judges, represented by the Attorney General of the State of Illinois, filed a motion to strike the complaint, alleging judicial immunity, the sovereign immunity of the State of Illinois, the failure of the complaint to state a cause of action and lack of jurisdiction in the circuit court to entertain a civil suit designed to collaterally attack criminal proceedings pending therein. Defendant Ford Barkett, represented by the assistant State's Attorney of Alexander County, filed a motion to strike the complaint alleging that any acts undertaken by him were purely ministerial within his official capacity. Barkett realleged the lack of jurisdiction in the circuit court. Defendant Spomer, also represented by the assistant State's Attorney of Alexander County, filed a motion to strike

the complaint alleging prosecutorial immunity, lack of jurisdiction, failure to state a cause of action, and lack of a justifiable controversy because of the purely judicial nature of bail determination. A hearing was held at which the "possessory rights" in the bail deposit as between plaintiff and defendant Barkett were apparently determined. In all other respects the complaint was dismissed with prejudice. This appeal concerns only the controversy between plaintiff and defendant judges Porter, O'Shea, Kunce and Spomer.

If it appears to the reader that the facts and pleadings in this cause are confusing, it should be understood that this court is no less confused. Appellant's brief and the record he has provided make it very difficult for us to comprehend or frame the issues on appeal. The complaint filed in the circuit court is replete with legal conclusions but contains few supporting facts. Although the motions to strike raised several concise grounds for dismissal, the record before us gives little or no indication of the basis for the trial court's order. The issues as stated by appellant are: "May public power trustees interpose, without authority, their powerful positions between a person and liberty, dignity, and equality before the law due that person"; and, "May public power trustees alleged merely to have interposed, without a record shield, their powerful positions between a person and liberty, dignity and equality before the law due that person, be held, prima facie, jointly and severally liable in the same action in one count." From this morass, however, we have gleaned the single, dispositive issue: whether the defendants enjoy immunity from civil suit for the conduct engaged in under the facts of this case. We do not perceive this action to be an attack on the constitutionality of the Illinois bail procedures. If it is, the matter has been put to rest by *Schilb v. Kuebel*, 404 U.S. 357, 30 L.Ed.2d 502, 92 S.Ct. 479 (1971).

It is obvious, of course, that whether immunity extended to the acts in question depends largely upon the acts themselves and the authority behind them. The only evidence in the record that any acts occurred comes from the allegations in the complaint. Thus, for the purposes of this opinion, we will assume that bail was imposed and continued, and that the two actions were joined as plaintiff alleges, without, of course, accepting the accompanying conclusions pleaded by plaintiff.

■■ The Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 110—1 *et seq.*) sets forth the prerequisites for and conditions of release on bail in the trial court for persons charged with criminal offenses. These sections of the Criminal Code necessarily and properly place great discretion in the hands of the judiciary. The court may determine the amount of bail (par. 110—5), reduce or increase the amount (par. 110—6) and set reasonable conditions therefor (par. 110—10). Plaintiff

does not aver that the bail imposed was not in aid of a criminal prosecution or that the amount of bail imposed was excessive. It appears that the thrust of plaintiff's argument is that no man on bail may be required to forfeit, even temporarily, the use and benefit of the money he now is required to post as security. Simply stated, plaintiff would appear to allow recognizance only. We have found absolutely no support for this position. The United States Constitution, eighth amendment, prohibits "excessive" bail. The Illinois Constitution of 1970 guarantees, with exceptions not here pertinent, the right of persons to be "bailable by sufficient sureties." (Ill. Const. (1970), art. 1, § 9.) In no way can these provisions be read to prohibit the application of the principles set forth in the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 110—1 *et seq.*).

■■ Thus, the record contains no indication that the defendant judges acted outside the guidelines contained in the statutes. That they may have erred or abused the discretion granted by those statutes does not render them civilly liable to plaintiff. In *Pierson v. Ray*, 386 U.S. 547, 554-55, 18 L.Ed.2d 288, 294-95, 87 S.Ct. 1213 (1967), the Court stated:

> "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher, supra,* 349; note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation."

If the trial court or any judge thereof erred in setting the amount or conditions of bail, plaintiff had an adequate remedy under Supreme Court Rule 604(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(c)) for review of that bail order both in the circuit and appellate courts. Plaintiff failed to avail himself of that remedy. Plaintiff has shown no facts which would avoid the immunity of the defendant judges.

■■ We are at a loss to understand plaintiff's charge that defendant

Kunce, at arraignment, "purported to exercise the administrative authority of the Illinois Supreme Court to effect an administrative flowing together" of two criminal cases in which plaintiff was the accused. The Attorney General, in the brief for the defendant judges, indicates that the two cases were "consolidated." Joinder and severance are controlled by statute (Ill. Rev. Stat. 1973, ch. 38, pars. 114—7, 114—8) and are committed to the sound discretion of the court. (*People v. Bernette,* 45 Ill.2d 227, 258 N.E.2d 793 (1970).) Plaintiff has pleaded no facts which would indicate that defendant Kunce acted outside his authority. Again, if error was committed plaintiff should have pursued the appeal guaranteed him by right.

■■ Plaintiff has alleged no facts which would indicate that defendant Spomer acted in any capacity other than as the chief prosecuting officer of Alexander County. As such, it is his duty to attend upon the court and commence and prosecute all criminal actions. (Ill. Rev. Stat. 1973, ch. 14, par. 5.) And while acting in his official capacity, the State's Attorney enjoys the same immunity bestowed upon the judiciary. See, *e.g., Berg v. Cwiklinski,* 416 F.2d 929 (7th Cir. 1969); *Phillips v. Nash,* 311 F.2d 513 (7th Cir. 1962).

· The judgment of the Circuit Court of Alexander County is affirmed.

Affirmed.

JONES, P. J., and CARTER, J., concur.