FRANK MORSE, Plaintiff-Appellant, *v.* JOHN VIRGIL NELSON, Sheriff, *et al.*, Defendants-Appellees.

Fifth District   No. 76-355

Opinion filed May 9, 1977.—Rehearing denied May 19, 1977.

Dennis J. Hogan, of Murphysboro, for appellant.

Stephen L. Spomer, of Metropolis, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This an appeal from an order of the circuit court of Massac County dismissing plaintiff's complaint with prejudice. The complaint, filed by Frank Morse, is styled designating Frank Morse and the People of the State of Illinois for the use of Frank Morse as plaintiffs. The complaint was brought against John Virgil Nelson, sheriff of Massac County, and his surety, Western Surety Company.

The complaint alleges that on March 2, 1975, Morse was arrested in Massac County and was brought to the county jail where he was held in custody by Sheriff Nelson for several days thereafter. Count I of the complaint charges that Nelson as sheriff "did not faithfully discharge" the office of sheriff because: (1) he "failed to support Article I, Section 7 of the Illinois Constitution" in that he "unduly detained" Morse "without any competent authority commitment," and (2) he "failed to support the Constitution of the State of Illinois" by detaining Morse "under the color of a warrant process, the issuance of which he knew had been obtained after, not before the arrest." Count II of the complaint charges that Nelson had a duty "to obey" 42 U.S.C. §1983 and that he "breached" that duty as sheriff when he "unduly detained and falsely imprisoned" Morse, under color of Nelson's official position, depriving Morse of a right "to be free from undue detention" under "Article I, Section 7 of the Illinois Constitution." Count III of the complaint is substantially the same as count II except that it alternatively alleges that Nelson was the "de facto Sheriff of Massac County." Each of the three counts prays for a judgment in the amount of $10,000.

In response to the complaint, defendants filed a motion to dismiss

asserting 13 separate grounds thereof, and an affidavit by the Massac County clerk, in support of one of the grounds raised, in which the clerk states, in effect, that plaintiff failed to comply with the one-year notice of injury requirement of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 8—102).

The record shows that thereafter plaintiff filed a "motion to reconsider" which states that the trial court had orally ordered a dismissal of the complaint on the ground that notice pursuant to section 8—102 had not been given. The motion then appears to request a rehearing on the other grounds stated in defendants' motion to dismiss. The record further shows that on the day after the motion to reconsider was filed, the trial court filed a written order dismissing the complaint with prejudice. The order gives no indication of the basis for the dismissal. Plaintiff thereafter filed a notice of appeal and a "notice of withdrawal of motion to reconsider."

■■ In plaintiff's brief on appeal, plaintiff appears to be raising the issue of whether the trial court erred in dismissing each count of the complaint since each count states a cause of action and "no justification had been affirmatively pleaded" by defendant Nelson. However, we find it difficult to address the argument presented in support thereof by plaintiff since the argument is often confusing, obtuse and sometimes bordering on the undecipherable. An appellant's counsel has a duty to provide in his brief lucid and persuasive argument. (See Seidenfeld, *Professional Responsibility before Reviewing Courts*, 25 DePaul L. Rev. 264, 276 (1976).) As we stated in *In re Estate of Kunz*, 7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523:

> "Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court."

Moreover, a resolution of the issues presented is made no easier where the facts and pleadings in this cause are equally confusing and where the appellee only states in his brief, although perhaps understandably, that he "has been unable to formulate any meaningful response" to his opponent's argument.

This appeal is presented by the same counsel as was the appeal in *Coleson v. Spomer*, 31 Ill. App. 3d 563, 334 N.E.2d 344, in which an equally confusing brief and record was submitted.

■■■ In the record, plaintiff's motion to reconsider indicates that the trial court dismissed his complaint because the court found that a section 8—102 notice of injury had not been served on the county clerk. On appeal, plaintiff's only comment on this matter is that:

"[T]he argument that the County Clerk should have been given notice borders on being an insult to the intelligence of this superior reviewing Court capable of taking judicial notice of actions or inactions of record keeping 'persons' in inferior tribunals."

This statement, of course, does not address the question of whether a notice of injury was required for the type of claims plaintiff attempted to bring in the case at bar. We note that it has been held that the notice requirement of section 8—102 is limited to civil actions arising from "injuries" or "accidents" (*Public Litho Service, Inc. v. City of Chicago*, 8 Ill. App. 3d 315, 290 N.E.2d 677), and section 8—102 has been held inapplicable to civil rights actions brought pursuant to federal civil rights statutes (*Luker v. Nelson* (N.D. Ill. 1972), 341 F.Supp. 111). In any event the trial court's written order dismissing the complaint, which was filed after the filing of plaintiff's motion to reconsider, does not state which of the 13 grounds raised by defendants was the basis for the order. On appeal an order of the lower court will be affirmed if there exists any ground for such affirmance. (*Sears v. First Federal Savings & Loan Association* 1 Ill. App. 3d 621, 275 N.E.2d 300.) Moreover, as we have mentioned, plaintiff's contentions are directed at the sufficiency of his complaint to state a cause of action. We therefore will direct our attention to this issue.

Initially, we note that the record does not show that plaintiff sought to amend his pleadings nor does he now contend that he should have been allowed to amend the complaint. We therefore consider plaintiff as having elected to stand on his pleadings.

Plaintiff contends that count I of the complaint sufficiently states a cause of action based on false imprisonment and that counts II and III each sufficiently states a cause of action under 42 U.S.C. §1983. In addition, plaintiff curiously urges the additional point that no "justification" was pleaded by defendants. This point, however, has no bearing on the sufficiency of the complaint itself.

■ In determining the sufficiency of a complaint a court must accept as true all well-pleaded facts and all reasonable inferences drawn therefrom. (*Dear v. Locke*, 128 Ill. App. 2d 356, 262 N.E.2d 27.) While pleadings are to be liberally construed, and formal or technical allegations are unnecessary, a complaint must nonetheless contain the substantial averments of fact necessary to state a cause of action. (*Fanning v. LeMay*, 38 Ill. 2d 209, 230 N.E.2d 182.) Mere allegations of legal conclusions are insufficient and such conclusions need not be accepted by a court. (*Shlensky v. Wrigley*, 95 Ill. App. 2d 173, 237 N.E.2d 776.) A complaint is subject to a motion to dismiss where the well-pleaded facts do not entitle one to a recovery. (*Burke v. Sky Climber, Inc.*, 57 Ill. 2d 542, 316 N.E.2d 516.) The determination of whether a particular allegation constitutes a

fact or conclusion must be made from the context of the pleading with a view to whether the language gives sufficient information to the opponent and to the court of the character of evidence to be introduced or of the issues to be tried. *Van Dekerkhov v. City of Herrin,* 51 Ill. 2d 374, 282 N.E.2d 723.

■■ ■ Applying these principles, we find that stripped of its conclusory language, count I of the complaint merely alleges that plaintiff was arrested and held in custody for several days. False imprisonment consists of an *unlawful* detention, confinement or restraint. (*Shelton v. Barry,* 328 Ill. App. 497, 66 N.E.2d 697; *McKendree v. Christy,* 29 Ill. App. 2d 195, 172 N.E.2d 380.) Virtually no facts are alleged showing the unlawfulness of the arrest or subsequent detention. (*Watters v. De La Matter,* 109 Ill. App. 334.) The allegation to the effect that plaintiff's commitment to jail was without competent authority is a bare conclusion which, in addition, is also inconsistent with the allegation, without more, the plaintiff was "arrested." The allegation that a "warrant process" (apparently a five-count criminal charge) was issued after the arrest does not, on its face, vitiate the lawfulness of the original arrest or detention and, if anything, it may suggest an opposite conclusion. So too, we find counts II and III equally vague and conclusory, fully justifying a dismissal thereof. (See *United Housing Foundation, Inc. v. Forman* (1975), 421 U.S. 837, 859, 44 L. Ed. 2d 621, 636, 95 S. Ct. 2051, 2064.) In addition, these counts while alleging they state a claim under 42 U.S.C. §1983, in fact, purport to assert rights provided by our State constitution and not the Federal Constitution or laws.

Consequently, we affirm the order of the circuit court of Massac County dismissing each count of the complaint.

Affirmed.

JONES and KARNS, JJ., concur.