## PEOPLE OF the STATE OF ILLINOIS ex rel. William J. SCOTT, Attorney General of Illinois, Plaintiffs,

### v.

## HUNT INTERNATIONAL RESOURCES CORPORATION et al., Defendants.

### No. 79 C 3305.

United States District Court, N. D. Illinois, E. D.

Dec. 20, 1979.

---

Derek A. Gilna, Asst. Atty. Gen., Stephen G. Seliger, Chicago, Ill., for plaintiffs.

Daniel P. Garcia, Cary B. Lerman, Munger, Tolles & Rickershauser, Los Angeles, Cal., Samuel K. Skinner, James R. Stinson, Sidley & Austin, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Presently before the court is plaintiff's motion to remand this case to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c).

The complaint in this case was filed in December of 1978. On July 24, 1979, the Illinois Attorney General amended the complaint, adding Count II and charging twelve defendants with violations of the Illinois Consumer Fraud and Deceptive Business Practices Act. Ill.Rev.Stat., ch. 121½, § 261 *et seq.* (1977). On August 10, 1979, defendant Great Western Cities, Inc. filed its petition and bond for removal of the action to this court.

The plaintiff argues that this case should be remanded to the state court for several reasons. First, plaintiff attacks defendant's claim that this court would have jurisdiction of the case pursuant to § 110 of the

Magnuson Moss Warranty Act, 15 U.S.C. § 2310(d). Defendant argues that the complaint states a separate and independent cause of "action under a . . . service contract" and that this court has original jurisdiction to hear such an action pursuant to 15 U.S.C. § 2310(d). In this court's opinion, the defendant misreads this jurisdictional provision. The statute clearly states that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages . . . in an appropriate district court of the United States." 15 U.S.C. § 2310(d).

■ As this court reads the statute, jurisdiction is granted to the district court to hear cases in which a consumer claims damages for the failure, *inter alia*, of a service contractor to comply with the obligations of a service contract. This court does not agree that the complaint includes a separate and independent cause of action arising under a service contract.

The complaint in this case does not seek damages for breach of a service contract. Far from it, after a careful reading of the plaintiff's complaint, it is clear that the plaintiff's cause of action is unrelated to the defendants' performance of their obligations under any contract. Rather, Count II seeks various forms of relief for alleged misrepresentations made by defendants in connection with the sale of land in Colorado.[1]

While the land sale contracts allegedly contain separate provisions relating to water and sewer availability charges, this court finds no mention in the complaint of any services to be rendered in connection with the repair and/or maintenance of a consumer product. Thus, this court does not agree that it would have original jurisdiction of the case because of the existence of a federal question.

■ Plaintiff also asserts that this case could not have originally been brought in federal court pursuant to 28 U.S.C. § 1332. The plaintiff claims that the Attorney General of the State of Illinois is the alter ego of the state and is, therefore, not a citizen for purposes of diversity jurisdiction. This claim by the Attorney General is well founded. *Harris v. Pennsylvania Turnpike Commission*, 410 F.2d 1332 (3d Cir. 1969), *cert. denied*, 396 U.S. 1005, 90 S.Ct. 558, 24 L.Ed.2d 497; *State Highway Commission of Wyoming v. Utah Construction Co.*, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929).

Defendant argues that this general principle does not prevent removal in this case. The defendant contends that the complaint contains a separate and independent claim which could have originally been brought in federal court if sued upon alone. The defendant claims that plaintiff's request for the "private" relief of restitution and damages on behalf of a class of land purchasers is separate and independent from the claim for "public" relief in the form of an injunction and civil penalties sought by the Attorney General on behalf of the State of Illinois. Great Western Cities, Inc. argues that the Attorney General is not the real party in interest as to this separate and independent claim because the complaint indicates that no instrumentality of the state has been solicited by or purchased land from any of the defendants and that the state would not be entitled to participate in any "private" relief granted by this court. The defendants contend that the Attorney General, as class representative, should therefore be disregarded in determining whether diversity of citizenship exists.

■ The longstanding rule enunciated by the Supreme Court in *Supreme Tribe of Ben Hur v. Calder*, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1929), is that a court,

---

1. The court notes that there is no allegation anywhere in the complaint mentioning the existence of a service contract as defined by the Magnuson Moss Warranty Act. 29 U.S.C. § 2301(8) states: "The term 'service contract' means a contract in writing to perform, over a fixed period of time or for a specified duration, services relating to the maintenance or repair (or both) of a consumer product."

74

when determining the citizenship of a class for diversity purposes, must look to the citizenship of the named representative. In this case, as has been outlined above, the Attorney General is not a citizen of the State of Illinois, rather, he is the alter ego of the State. Therefore, he is not a citizen for purposes of 28 U.S.C. § 1332. There are important reasons to look to the representative to determine diversity in class actions. The most obvious is that the only parties before the court are the named parties. The purported class members are not before the court.

■ The defendant's contention that the court should look past the representative to the unknown class members to determine diversity is unpersuasive for a second reason. The cases in which courts have looked past a representative without a pecuniary interest in the outcome of a case are almost universally cases which involve the collusive naming of a representative to create federal jurisdiction. *See, e. g., McSparran v. Weist,* 402 F.2d 867 (3d Cir. 1968). *But see, Miller v. Perry,* 456 F.2d 63 (4th Cir. 1972); *State of Connecticut v. Levi Strauss & Co.,* 471 F.Supp. 363 (D.Conn.1979). In fact, a specific statute requires the court to ignore nominal party representatives where the sole purpose of the appointment is to create jurisdiction. 28 U.S.C. § 1359. *See, Kramer v. Caribbean Mills, Inc.,* 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969). On the other hand, the good faith naming of a representative that defeats federal jurisdiction has long been allowed. *See, e. g., Mecom v. Fitzsimmons Drilling Co.,* 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931), and the Seventh Circuit has recently reaffirmed this distinction. *Betar v. DeHavilland Aircraft of Canada, Ltd.,* 603 F.2d 30 at 34 n.2 (7th Cir. 1979). There is absolutely no indication that the Attorney General sought to bring this class suit in order to defeat diversity jurisdiction. This court will not disregard the presence of the Attorney General, the only plaintiff presently before the court, and therefore, the court finds that diversity of citizenship does not exist.

■ The plaintiff's motion to remand this case to the Circuit Court of Cook County will therefore be granted, since it appears that the case was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c). The question of costs is left to the Circuit Court of Cook County.

It is so ordered.