THE PEOPLE *ex rel.* THE DEPARTMENT OF STATE POLICE, Plaintiff-Appellant, v. ZBIGNIEW MAMOK, Defendant-Appellee.

First District (1st Division)   No. 1—91—3594

Opinion filed May 24, 1993.

Roland W. Burris, Attorney General, of Springfield (John A. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellant.

Donald Rendler-Kaplan & Associates, of Chicago (Jeffrey M. Cohen, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, People of the State of Illinois *ex rel.* the Illinois Department of State Police, appeals from a June 5, 1991, order of the circuit court of Cook County which granted defendant Zbigniew Mamok's

motion to dismiss its complaint as time barred pursuant to the two-year limitations period of section 13—202 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 13—202). The sole issue on appeal is whether the circuit court properly granted defendant's motion to dismiss. We affirm.

On December 27, 1986, defendant was involved in an automobile accident with James Warren, an employee of the Illinois Department of State Police. Warren was injured in the accident, and the Department paid Warren $8,266.89 in workers' compensation benefits and medical bills totaling $1,529.20.

Plaintiff's complaint, filed January 26, 1989, sought reimbursement of these sums. Defendant successfully moved to dismiss plaintiff's complaint as time barred pursuant to section 13—202's two-year limitation period.

Plaintiff posits on appeal that reversal is warranted because it is immune from defendant's statute of limitations defense. In support, plaintiff relies on cases such as *Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 546 N.E.2d 580, *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076, and *City of Shelbyville v. Shelbyville Restorium, Inc.* (1983), 96 Ill. 2d 457, 451 N.E.2d 874, which helped develop and apply the common law doctrine that governmental entities are immune from statutes of limitations in actions involving "public" rights. Plaintiff asserts that its complaint asserts such a public right.

Defendant responds that plaintiff's action is nothing more than a subrogation suit. Accordingly, because Warren, the subrogor, cannot maintain a time-barred suit against defendant, neither can his subrogee, plaintiff herein. Defendant further responds that plaintiff's suit does not involve a public right.

■ We need go no further than the Illinois Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) to affirm the circuit court's dismissal of plaintiff's action. Section 1 of the Act defines "employer" to include "[t]he State and each county, city, town, township, incorporated village, school district, body politic, or municipal corporation therein." Ill. Rev. Stat. 1989, ch. 48, par. 138.1.

Section 5 of the Act provides the mechanism by which an "employer" under the Act can obtain reimbursement of monies paid to one of its "employees" from a third party who has injured the employee. Section 5 provides in relevant part:

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creat-

ing a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. \*\*\*
\*\*\*

If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.
\*\*\*

In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act \*\*\*." Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b).

Section 5(b) of the Act has been interpreted as creating "in the employer a right akin to the common law right of subrogation." (*Knowles v. Mid-West Automation Systems, Inc.* (1991), 211 Ill. App. 3d 682, 687, 570 N.E.2d 484, citing *Chicago Transit Authority v. Yellow Cab Co.* (1982), 110 Ill. App. 3d 379, 381, 442 N.E.2d 546.) Its purpose is "to 'make whole' an employer who, though not liable under ordinary tort law, is nevertheless liable to his injured employee under the [Act]." (*Public Litho Service, Inc. v. City of Chicago* (1972), 8 Ill. App. 3d 315, 317, 290 N.E.2d 677.) Section 5(b) embraces both an action for "damages" by the employer on behalf of its employee as well as one seeking merely reimbursement of monies paid to its employee. *Department of Law Enforcement v. Willis* (1978), 61 Ill. App. 3d 495, 498, 378 N.E.2d 239.

■ In *Joseph Schlitz Brewing Co. v. Chicago Rys. Co.* (1923), 307 Ill. 322, 327, 138 N.E. 658, the court held that the right of the employer to sue a third-party tortfeasor is not a new cause of action cre-

ated by the Act, but is "the employee's right of action taken from him and transferred to the employer." In *McCormick v. Zander Reum Co.* (1962), 25 Ill. 2d 241, 244, 184 N.E.2d 882, the supreme court stated that as a subrogee, the employer can have no greater rights than its employee/subrogor and can enforce only such rights as its subrogor could enforce. Thus, an employer is time barred from asserting a claim against a third-party tortfeasor if the suit was not brought within the time limit which the employee had to bring the suit initially. *McCormick*, 25 Ill. 2d at 244; accord *Knowles*, 211 Ill. App. 3d at 690; *Public Litho Service, Inc.*, 8 Ill. App. 3d 313, 290 N.E.2d 677.

In this case, we believe the State's action against defendant is time barred. In stepping into the shoes of Warren, the State received only what Warren possessed against defendant—a time-barred action.

*County of Du Page* (109 Ill. 2d 143, 485 N.E.2d 1076) supports our conclusion. There, the County of Du Page sued architects and contractors for the defective design and construction of the Du Page County administration building. These defendants moved to dismiss the county's suit based on section 13—214 of the Code, which sets forth the applicable limitations period in lawsuits involving the design and construction of improvements to real property. The county replied that it was immune from defendant's section 13—214 defense, and the circuit court agreed. Defendants' motion to dismiss was accordingly denied.

The supreme court reversed the circuit court. Applying standard canons of statutory construction, the supreme court held that section 13—214, which defined "person" to mean any "individual, any business or legal entity, or *any body politic*" (emphasis added) (Ill. Rev. Stat. 1989, ch. 110, par. 13—214), abrogated the county's common law governmental limitations immunity. The court stated that "it is well established that where a statute of limitations does 'expressly include the State, county, municipality, or other governmental agencies,' common law governmental limitations immunity will not bar a limitations defense predicated on that statute." *County of Du Page*, 109 Ill. 2d at 152-53.

In light of its holding, the supreme court found it unnecessary to address whether the county's suit asserted a "public" right. "That becomes an appropriate inquiry only where a statute of limitation does not expressly state that it applies to a governmental entity." *County of Du Page*, 109 Ill. 2d at 153.

Here, the term "employer" within the Act expressly includes the State. Thus, when asserting a right of reimbursement under section 5(b) of the Act, the State is to be treated no differently than other employers. As Warren's subrogee, the State received Warren's time-

barred claim. Whether the State's action asserted a "public" right is, under *County of Du Page*, an irrelevant inquiry.

For these reasons, defendant's motion to dismiss was properly granted. Accordingly, the June 5, 1991, dismissal order of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.