People of the State of ILLINIOS ex rel. The SECRETARY OF the DEPARTMENT OF TRANSPORTATION and Charles W. Wandling, Plaintiff,

v.

DELONG'S INCORPORATED, a Missouri business corporation, Defendant.

No. 99–3026.

United States District Court, C.D. Illinois, Springfield Division.

July 15, 1999.

Val C. Simhauser, Springfield, IL, for plaintiff.

Frederick P. Velde, Lori Poppe Hiltabrand, Springfield, IL, Richard A. Wunderlich, Maureen Collins Beekley, St. Louis, MO, Richard J. Wilderson, April Gowdy Troemper, Springfield, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Because the essential nature and effect of this proceeding establish that the State of Illinois is the real party in interest, Defendant's removal of this case cannot be founded upon diversity of jurisdiction.

Accordingly, Plaintiff's motion to remand is allowed.

### I. BACKGROUND

Charles W. Wandling is a resident of the State of Illinois and works for the Illinois Department of Transportation ("IDOT"). DeLong's, Inc., is a Missouri corporation

which transacts business within the State of Illinois selling structural steel to IDOT to be used on its bridge projects.

On January 14, 1997, Wandling, on behalf of IDOT, went to DeLong's Jefferson City, Missouri, plant to inspect the facility. While waiting outside of the inspector's office, Wandling leaned back in the chair in which he was seated, and the chair collapsed. As a result of this accident, Wandling suffered physical injuries to his left hip. Due to his injuries, Wandling was unable to return to work, and thus, IDOT paid Wandling $64,531.13 under the Illinois Workers' Compensation Act. 820 ILCS 305/1 *et seq.*

On January 7, 1999, Plaintiff filed a Complaint in Illinois state court against Defendant seeking reimbursement for the money paid to Wandling under the Illinois Workers' Compensation Act. 820 ILCS 30%(b). On February 11, 1999, Defendant filed a notice of removal, seeking to remove this case from state to federal court based upon diversity of jurisdiction. 28 U.S.C. § 1332. On February 17, 1999, United States Magistrate Judge Byron G. Cudmore gave Plaintiff until February 26, 1999, to file any objections which it had to the removal. Plaintiff filed an objection to the removal and a motion to remand on February 25, 1999, to which Defendant filed a response on March 12, 1999. Thus, the issue is now ripe for adjudication.

Plaintiff argues that because the State of Illinois is the real party in interest in this case and because the State cannot be a citizen for purposes of diversity of jurisdiction, this case cannot be removed to this Court based upon diversity of jurisdiction. In addition, Plaintiff asserts that 28 U.S.C. § 1445(c) prohibits the removal of this case from state court because it is a civil action begun in an Illinois state court which is based upon a right created by the Illinois Workers' Compensation Act. Accordingly, Plaintiff asks the Court to remand this case to the state court in which it originally commenced.

Defendant argues that, contrary to Plaintiff's assertions, Charles W. Wandling, not the State, is the real party in interest in this case. Defendant asserts that 820 ILCS 305/5(b), *i.e.*, the statute upon which Plaintiff's Complaint relies, creates in the employer a right which is akin to the common law right of subrogation. As a subrogee, Defendant asserts that the State can have no greater rights than Wandling and that the State has merely stepped into Wandling's shoes. Because the State merely possesses a subrogation right from Wandling, Defendant claims that Wandling is the real party in interest and that diversity of jurisdiction exists because it is a citizen of Missouri and Wandling is a citizen of Illinois.

Furthermore, Defendant argues that Plaintiff's claim is a negligence claim, not a workers' compensation claim. As such, Defendant asserts that 28 U.S.C. § 1445(c) is inapplicable. Accordingly, Defendant asks the Court to deny Plaintiff's objection to removal and motion to remand.

## II. ANALYSIS

### A.  *28 U.S.C. § 1445(c)*

■ Title 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Here, the Court finds that Plaintiff's claim does not arise under Illinois' Workers' Compensation Act. The Court agrees with Defendant that this case is analogous to *Spearman v. Exxon Coal, USA, Inc.,* 16 F.3d 722 (7th Cir.1994) (Rovner, J. dissenting). In *Spearman,* the United States Court of Appeals for the Seventh Circuit held that a retaliatory discharge claim did not arise under Illinois' Workers' Compensation Act. *Id.* at 726. In so holding, the Seventh Circuit explained that although the workers' compensation law served as the background for the plaintiff's retaliatory discharge claim, simply because the "workers' compensation law is a premise of the tort does not mean that the tort 'arises

under' the workers' compensation laws . . . ." *Id.* at 725. Because a retaliatory discharge claim "lacks the no-fault element of workers' compensation laws" and because a retaliatory discharge claim "may be adjudicated without any inquiry into the meaning of the workers' compensation laws," the tort is not barred by 28 U.S.C. § 1445(c) from being removed to federal court. *Id.* at 724–25.

Likewise, negligence (which is the tort involved in the instant case) lacks the no-fault element of Illinois' Workers' Compensation Act and may be adjudicated without any inquiry or interpretation of the Act. Although Plaintiff's Complaint is premised upon 820 ILCS 30⅝(b), Plaintiff's claim is actually a negligence claim, not a workers' compensation claim, and therefore, the claim is not barred by 28 U.S.C. § 1445(c) from being removed to this Court. Moreover, although Judge Rovner filed a vigorous dissent in *Spearman* and although many federal district courts have disagreed with the *Spearman* majority, *e.g.*, *Lackey v. Gateway Homes, Inc.*, 944 F.Supp. 870, 872 n. 2 (N.D.Ala.1996), *Spearman* is still the law in this circuit, and therefore, this Court is bound by its holding.

Finally, the Court notes that Plaintiff's assertion that its claim arises under Illinois' Workers' Compensation Act is belied by its Complaint. In the caption on the face of its Complaint, Plaintiff clearly asserts that the Complaint is being filed in the law division of the Sangamon County circuit court as a negligence action. In addition, the Complaint itself attempts to set forth the elements necessary to maintain a negligence cause of action. Accordingly, the Court finds that the removal of this case is not barred by 28 U.S.C. § 1445(c).

### B. *PARTY IN INTEREST*

█ However, that does not mean that Defendant's removal of this case was proper. "It is well settled law that 'a state is not a citizen' for diversity purposes."

*Indiana Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir.1983), citing *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231 (1894). "In determining whether diversity jurisdiction exists, the court is not bound by the status of the named defendant but must inquire as to who is the real party in interest." *Adden v. J.D. Middlebrooks*, 688 F.2d 1147, 1150 (7th Cir.1982), citing *State Highway Comm'n of Wyoming v. Utah Constr. Co.*, 278 U.S. 194, 200, 49 S.Ct. 104, 73 L.Ed. 262 (1929). "[W]hether the respective state is itself the real party in interest is a question to be determined from the 'essential nature and effect of the proceeding.' " *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981), quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

In the present case, the Court finds that the essential nature and effect of the proceeding establish that the State of Illinois is the real party in interest, and therefore, removal of this case may not be founded upon diversity of jurisdiction. The State of Illinois, acting as Charles Wandling's employer, has filed this suit pursuant to 820 ILCS 305/5(b) which allows an employer to sue a third party for damages sustained by an employee and thereby allowing the employer to recover any sum of money paid by the employer to the employee pursuant to the Workers' Compensation Act. Although 820 ILCS 305/5(b) permitted Wandling to institute his own private suit, he chose not to do so. Therefore, the State as Wandling's employer, acting through the State's Attorney General's Office, instituted this suit within the time frame established by the statute for the recovery of the worker's compensation paid to Wandling. *See People, ex rel. Lowe v. Marquette Nat'l Fire Ins. Co. .*, 351 Ill. 516, 527, 184 N.E. 800, 804 (Ill. 1933) (holding that the Illinois Attorney General may not appear in cases where the public is not interested).

While the Court agrees with Defendant that the State's rights are derivative of Wandling's rights, *People ex rel. Illinois Dep't of State Police v. Mamok,* 247 Ill. App.3d 366, 368–69, 187 Ill.Dec. 102, 103–04, 617 N.E.2d 310, 311–12 (1993), that conclusion does not mean that the State is not the real party in interest. *See Sikora v. AFD Indus., Inc.,* 18 F.Supp.2d 841, 846 (N.D.Ill.1998) (holding that a partial subrogee must be joined as a real party in interest under Federal Rule of Civil Procedure 17(a)); *see also Wadsworth v. United States Postal Serv.,* 511 F.2d 64, 67 (7th Cir.1975) (holding that a subrogee insurer should be joined as a real party in interest upon a motion for such joinder). Likewise, although the Court agrees with Defendant that the State is an employer under Illinois' Workers' Compensation Act, 820 ILCS 305/1, § 1(a), the Court does not agree that the State should, therefore, be treated as a "citizen" for diversity purposes. One finding does not necessitate the other.

 Finally, Defendant's assertion that the Illinois Department of Transportation should be treated as an employer under the Workers' Compensation Act and, thus, as a citizen of Illinois for diversity purposes is incorrect. "In determining whether a state agency is a citizen for purposes of diversity jurisdiction, or whether, on the other hand, the agency is an arm or alter ego of the state or the state is the real party in interest so as to preclude diversity jurisdiction, courts generally look to the attributes or characteristics of a particular agency which tend to associate it with or dissociate it from the sovereign." *State of West Virginia v. Haynes,* 348 F.Supp. 1374, 1377 (S.D.W.Va.1972); *People v. Hunt Int'l Resources Corp.,* 481 F.Supp. 71, 73–74 (N.D.Ill.1979). Here, the Court believes that the Department of Transportation is the alter ego of the State, and thus, it is not a citizen for purposes of diversity of jurisdiction.

In short, the Court believes that first and foremost, this is a case brought by the State for recovery of the worker's compensation paid to Wandling. Accordingly, the Court finds that the State of Illinois is the real party in interest in the above-captioned case, that there is no diversity of jurisdiction in the above-captioned case, and, therefore, that this Court lacks subject matter jurisdiction over the above-captioned case.

*Ergo,* Plaintiff's Objection to Removal and Motion to Remand (d/e 6) is ALLOWED. Accordingly, the above-captioned case is REMANDED for lack of subject matter jurisdiction.