George **WADSWORTH** and the Farmers Insurance Exchange as subrogee of George Wadsworth, Plaintiffs-Appellants,

v.

UNITED STATES POSTAL SERVICE and Phil Anderson, Defendants-Appellees.

No. 74–1306.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 11, 1975.

Decided Feb. 19, 1975.

E. Bryan Dunigan, III, Chicago, Ill., for plaintiffs-appellants.

James R. Thompson, U. S. Atty., Gary L. Starkman and Carol E. Moseley, Asst. U. S. Attys., Chicago, Ill., for defendants-appellees.

Before PELL and TONE, Circuit Judges, and JAMESON, Senior District Judge.*

TONE, Circuit Judge.

This case presents the question of whether the relation-back provisions of Rules 15(c) and 17(a), Fed.R.Civ.P., apply in a tort action against the United States when the government invokes the time bar of 28 U.S.C. § 2401(b).

A United States Postal Service truck collided with a vehicle owned by plaintiff Wadsworth and caused damages totaling $736.50. Wadsworth's automobile collision insurer, plaintiff Farmers Insurance Exchange, paid him $676.50 for the loss, that being the amount due after subtracting the $60 which was deductible under the policy.

Wadsworth and the insurer filed separate timely administrative claims against the government under the Federal Tort Claims Act, 28 U.S.C. § 2675, he for $60 and the insurer, as subrogee, for $676.50. Both administrative claims were denied.

Wadsworth then filed this suit within six months after the denial of the administrative claims, asking damages in the amount of $1,000. Following the Illinois practice, which permits bringing the action solely in the name of the insured when he still retains an interest in the claim because of the deductibility clause (Brosam v. Employer's Mutual Casualty Co., 61 Ill.App.2d 183, 209 N.E.2d 350, 352 (4th Dist. 1965)), the attorney who filed the action failed to include the insurer as a party plaintiff. In so doing the attorney overlooked the federal real-party-in-interest rule, Rule 17(a), Fed.R.Civ.P., under which the insurer who has paid part of the loss is required to be joined as plaintiff. United States v. Aetna Casualty & Surety

* Senior District Judge William J. Jameson of the District of Montana is sitting by designation.

Co., 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171 (1949). An exhibit attached to the complaint showed the interest of the insurer in the claim.

The government moved to reduce the ad damnum to $60, the amount of Wadsworth's administrative claim. When the District Court granted this motion, Wadsworth's attorney moved to amend the complaint to add the insurer subrogee as a plaintiff. More than six months having by this time expired since the rejection of the administrative claims, the District Court held that the insurer's portion of the claim was time barred under 28 U.S.C. § 2401(b) and refused to allow the amendment.

The District Court held and the government contends that because the time bar of 28 U.S.C. § 2401(b) is jurisdictional and timely filing of the action "is an indispensable condition of the liability and of the action which it [the statute] permits" (Simon v. United States, 244 F.2d 703, 704–705 (5th Cir. 1957)), an amendment filed after the time period allowed by the statute does not relate back under Rules 15(c) and 17(a). We disagree. Nothing in the statute or those rules suggests that those rules do not apply to actions under the statute. The time bar is jurisdictional, but the jurisdictional requirement was satisfied by the timely filing of suit for the full amount of the claim, and jurisdiction is not disturbed by an amendment correcting parties.

Wadsworth, the subrogor, sought to assert the entire claim on behalf of both himself and the insurer. In so doing he failed to comply with the requirement of the real-party-in-interest rule, Rule 17(a), Fed.R.Civ.P. The last sentence of that rule, however, provides as follows:

"No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

That sentence was added to the rule in 1966 "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. . . . [I]ts main thrust is to allow a correction in parties after the statute of limitations has run, despite the valid objection that the original action was not brought by the real party in interest." 3A J. Moore, Federal Practice ¶ 17.15–1, at pp. 602–603 (2d ed. 1974) (footnotes omitted).

Moreover, Rule 15(c) provides that a claim asserted in an amendment relates back to the filing of the original pleading when it arises out of the occurrence set forth in that pleading. The strength of the rule's policy is evidenced by the extension of the relation-back effect even against a defendant who was not named within the period provided by law for the commencement of the action against him if he

"(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The last paragraph of Rule 15(c) expressly states what is a sufficient form of notice to the government and government agencies, thereby making it clear that the relation-back provision is intended to apply in actions against them. Both Rule 15(c) and Rule 17(a) apply to actions under the Federal Tort Claims Act and cause the amendment adding the insurer as a real-party-in-interest to relate back to the filing of the complaint.

Wadsworth's attempt in his original complaint to assert both his portion and the subrogee's portion of the claim would have been appropriate at common law or in a federal court until the Supreme Court's decision in the *Aetna* case, *supra*, 338 U.S. 366, 70 S.Ct. 207. The

Court, in holding in that case that the insurer who had paid part of the claim should be joined, did not contemplate, however, that failure to join the insurer would defeat its portion of the claim. Speaking of partial subrogation cases, the Court said:

". . . both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names.

"Although either party may sue, the United States upon timely motion, may compel their joinder. [Citing authorities.] Both are 'necessary' parties. Rule 19(b), Federal Rules of Civil Procedure [Footnote discussing the distinction between 'necessary' and 'indispensable' parties omitted.] The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." (338 U.S. at 381–382, 70 S.Ct. at 216.)

As the Court recognized, under the circumstances present in this case there is in substance but one claim, in which the subrogor and subrogee both have interests, and in the absence of a timely motion to compel joinder that claim could be asserted in its entirety by the subrogor. The proper procedure for the government in the case at bar, therefore, was not to move to reduce the ad damnum to eliminate the portion of the claim allocable to the insurer, but rather to move to compel joinder of the insurer, whose interest was known to the government through the insurer's administrative claim and the exhibit to the complaint. The ad damnum, it is true, was required by 28 U.S.C. § 2675(b) to be limited to the total of the two administrative claims, and the government could

properly have moved to reduce it to that amount. But the government was not entitled to have the amount of the insurer's portion of the ad damnum eliminated, and the District Court should not have granted that relief. It should merely have required joinder of the insurer upon a proper motion.

Our holding is consistent with that of the Sixth Circuit in Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, (1974), which government counsel, with proper and commendable candor, called to our attention the day of the argument. In that case, the insured had filed an administrative claim for the full amount of the loss. The partly subrogated insurers were not shown in that claim as having interests and had not filed separate administrative claims of their own; nor had they joined as plaintiffs in the subsequent Federal Tort Claims Act suit. Thus they were confronted with the time bar of § 2675(a) of Title 28 as well as that of § 2401(b). The court nevertheless held that the district court had erred in dismissing the insured's action to the extent of the insurer's interest, permitted the insured to amend its administrative claim to show the insurers as joint claimants, and held that the insurers should be given an opportunity to join in the action as plaintiffs. Here, as in that case, the government had timely notice of the claim and of the insurer's interest and, therefore, was not prejudiced by the failure to join the insurer initially.

The judgment of the District Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.