**EMPLOYEES SAVINGS PLAN OF MOBIL OIL CORPORATION, Mobil Corporation Employee Stock Ownership Plan for Employees of Mobil Oil Corporation and Certain Affiliated Companies, and Mobil Oil Corporation Life Insurance Plan A, Plaintiffs,**

v.

**Noad O. VICKERY, Johnny James Hood, Billy Wayne Hood, Joann (Hood) McMullen, Eugene Fields Hood, Tommy Earl Hood, and Martha Fay (Hood) Gessick, Defendants.**

No. 82 Civ. 8150 (DNE).

United States District Court,
S.D. New York.

Sept. 12, 1983.

Patterson, Belknap, Webb & Tyler, New York City, for plaintiffs; Arthur H. Kroll, Gregory L. Diskant, Gail H. Nichols, New York City, of counsel.

Grais & Richards, New York City, for defendant; David Grais, New York City, of counsel.

Max E. Freeman II, Dallas, Tex., for Vickery.

Donald Partland, New York City, for James J. Hood and all Hood defendants.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

This case is an interpleader action. Plaintiffs, various pension plans of Mobil Oil Corporation employees, are stake holders. They have brought defendants, claimants of the pension benefits of a deceased Mobil employee, into court. Plaintiffs have moved to amend the complaint to add a fiduciary as plaintiff and to enjoin one of the defendant claimants from proceeding with a similar action pending in United States District Court in Texas. This defendant has moved for dismissal or in the alternative for transfer to Texas.

### FACTS

This case involves distribution of benefits that accrued to Judy Vickery under employee benefit plans maintained by the Mobil Pipe Line Company, where Mrs. Vickery was employed as a legal secretary from 1968 until her death in November 1982. The benefits, valued by plaintiffs at approximately $112,250, are currently held by the plaintiffs, the Employees Savings Plan of Mobil Oil Corporation, Mobil Corporation Employee Stock Ownership Plan for Employees of Mobil Oil Corporation and Certain Affiliated Companies, and Mobil Oil Corporation Life Insurance Plan A ("the Plans"), in Mrs. Vickery's name. Proposed Amended Complaint, ¶ 13.

In November 1981, Mrs. Vickery filed for divorce from defendant Noad Vickery ("the husband") in Texas state court. In May 1982, Mrs. Vickery executed a beneficiary designation, which provided that, in the event of her death, her employee benefits should be distributed equally among her six brothers and sisters ("the siblings"), who are also defendant claimants in this action. Mrs. Vickery died on November 3, 1982. On November 15, 1982, the husband informed the Mobil Pipe Line Company that he owned Mrs. Vickery's benefits under the employee benefit plans.

On December 8, 1982, the Plans filed an action for interpleader and declaratory judgment in this court under Title I of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Plaintiffs ask this court to determine which defendants are entitled to the benefits and whether ERISA, which requires the Plans to abide by the beneficiary designation, preempts the state community property laws relied on by the husband.

On December 20, 1982, the husband filed suit in state court in Texas against Mobil Oil Corporation, Mobil Pipe Line Company, and Metropolitan Life, the underwriter for the Mobil Oil Corporation Life Insurance Plan A, claiming ownership of the funds. The husband bases his claim upon two arguments: (1) that the benefits are his property under Texas community property law and that law is not preempted by ERISA; and (2) that Mrs. Vickery did not change her beneficiary, and if she did, she was

incompetent when she did so. On January 20, 1983, defendants in that action removed the case to federal court in the Northern District of Texas.

On February 9, 1983 plaintiffs personally served the husband and his attorney in Texas. The siblings have accepted service through their New York attorney and have submitted to this court's jurisdiction.

On February 18, 1983, the Second Circuit decided *Pressroom Unions-Printers Income Security Fund v. Continental Assurance Co.,* 700 F.2d 889 (2d Cir.1983), in which the court found that, under ERISA, only a fiduciary, beneficiary, or participant of an employee benefit plan, and not the plan itself, may bring an action under that statute.[1] Based upon this decision, the husband moved this court on April 6, 1983 for dismissal, or, in the alternative, for transfer to the Northern District of Texas. On April 15, 1983 the Plans moved to amend their complaint to add the fiduciary of the Plans, the Mobil Oil Corporation, as a plaintiff, and to enjoin the husband from proceeding with the Texas action or any other similar action.

## MOTION TO AMEND THE COMPLAINT

█ The court's jurisdiction depends on whether the court permits the Plans to amend their complaint to add a fiduciary as a plaintiff. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." The Supreme Court has stated that "this mandate is to be heeded," ex-

---

**1.** The Second Circuit in *Pressroom* held that § 1132(e)(1), which gives the federal courts "jurisdiction of civil actions under this title brought by the Secretary [of Labor] or by a participant, beneficiary, or fiduciary," should be viewed as a jurisdictional grant only to those parties expressly named in that section. *Pressroom, supra,* 700 F.2d at 892. The court similarly interpreted § 1132(a), the standing provision, which provides for suits by the Secretary, or by a participant, beneficiary, or fiduciary.

The court rejected plaintiff's view that § 1132(e) and § 1132(a) are not exclusive and that a Plan may sue under § 1132(d), which states that an employee benefit plan "may sue or be sued under this title as an entity." The

court held that § 1132(d) does not allow Plans to sue *under* ERISA because § 1132(e) confers jurisdiction under ERISA only for actions brought by a participant, beneficiary or fiduciary.

Rather, the court found that the language of § 1132(d)(1) means only that a Plan is a "legally cognizable body" that may "sue and be sued like corporations and other legal entities." *Id.* at 893. According to the Second Circuit, § 1132(d) while "[a]ffording plans the power to sue does not, however, imply that they may bring actions under ERISA; it merely authorizes suits to be brought by funds in other situations where there would properly be jurisdiction." *Id.* at 893.

plaining that a district court's denial of leave to amend without "any justifying reason" constitutes abuse of the court's discretion and is "inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Court listed several reasons for denial of leave to amend; none are present in this case: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment ...." *Id.* at 182, 83 S.Ct. at 230.

In this case the husband has not alleged bad faith on the part of the Plans in seeking to amend and his conclusory allegations of undue prejudice are unsupported.[2] The Plans should not be punished for their failure to name the fiduciary as a party in the initial complaint.[3] Consistent with the spirit of the Federal Rules, leave to amend to add a fiduciary as plaintiff is hereby granted.

Under the amended complaint, the court has subject matter jurisdiction under ERISA. Plaintiff in the amended complaint, Mobil Oil Corporation, is a fiduciary of the Mobil Plans. ERISA provides that federal courts have "exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(e)(1).[4] Standing for Mobil Oil Corporation is found in 29 U.S.C. § 1132(a).

This court has personal jurisdiction over the defendants under ERISA, 29 U.S.C. § 1132(e)(2), which provides that "process may be served in any ... district where a defendant resides or may be found." Under Fed.R.Civ.P. 4(e), where a federal statute provides for service of process, service may be made in the circumstances and in the manner prescribed by the statute, or, if the statute prescribes no manner of service, in a manner provided in Rule 4. ERISA is silent as to manner of service. Under Rule 4(e), where the federal statute does not provide for manner of service, the court must look to state law regarding manner of service. Under New York law, CPLR § 313, service of process on out-of-state persons must be made in the same manner as service is made within New York.[5] In

---

**2.** The husband opposed the amendment of plaintiffs' complaint in his Memorandum in Opposition to Plaintiffs' Motion to Enjoin. He asserts this court lacks subject matter jurisdiction over plaintiffs' original complaint and that an amendment seeking to create jurisdiction through the addition of a fiduciary should not be allowed and would not relate back, under the Second Circuit's decision in *Pressroom.* However, in an amended footnote to its opinion, the court in *Pressroom* stated that such an amendment may be permitted at the court's discretion. *Pressroom, supra,* 700 F.2d at 894 n. 9 as amended *Pressroom Unions-Printing League Income Security Fund v. Continental Assurance Co.,* 82–7631, slip op. at 2 (2d Cir. April 7, 1983) (amendment to opinion filed February 18, 1983).

**3.** Although the decision in *Rheingold Breweries Pension Plan v. PepsiCo, Inc.,* 2 Empl.Ben. Case 2406 (S.D.N.Y.1981) 81 Civ. 1561, slip op. S.D. N.Y. Nov. 17, 1981 (memorandum decision) might have alerted plaintiffs to the issue of whether a plan may sue under ERISA, ambiguity remained. In any event, plaintiffs moved to amend their complaint in light of the Second Circuit's decision in *Pressroom,* which definitively resolved the issue of whether a plan may sue under ERISA, and which noted at the outset of the opinion that the case was one of "first impression." *Pressroom, supra,* 700 F.2d at 890.

**4.** Although ERISA provides sufficient basis for subject matter jurisdiction in this case, plaintiffs have invoked Rule 22 interpleader as a means of bringing the claimants to court. The jurisdiction and venue provisions of ERISA nevertheless govern the suit.

**5.** In their Memorandum, plaintiffs erroneously asserted that New York CPLR § 313 allows for service on out-of-state persons in the same manner as required in the state in which service is to occur. Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Enjoin Defendant, 12. In fact CPLR § 313 allows for service in the same manner as service is made within the state of New York, by anyone qualified in the state in which service is to occur. CPLR § 313 reads in relevant part,

> A person ... subject to the jurisdiction of the courts of the state [of New York] ... may be served ... without the state, in the same manner as service is made within the state, by any person ... authorized to make service by the laws of the state ... in which service is to be made ....

this case defendant Vickery was served by hand in Texas, and New York's manner of service requirement was satisfied. CPLR § 308.[6]

Under ERISA, venue is proper in the district where an employee benefit plan is administered, 29 U.S.C. § 1132(e)(2). The Mobil Plans are administered in New York.

## WHERE THE CASE SHOULD BE TRIED

### (a) *Relation Back*

Having found that this court has jurisdiction and that venue is proper, this court must now address the issue of whether to enjoin the Texas state court action or to stay or transfer this action. This question depends in the first instance on whether the amended complaint "relates back" to the filing of the original suit, under Fed.R. Civ.P. 15(c). If the amendment does not relate back, the Texas proceeding is the first filed and takes precedence over this action, and the court must dismiss this action or transfer it to Texas. If the amended complaint relates back, the action brought in this court is the first filed suit and this court may grant plaintiffs' motion enjoining the proceeding in the district court in Texas.

The Second Circuit's decision in *Pressroom* is directly on point. In *Pressroom,* an employee fund sought to amend its complaint to add a fiduciary as plaintiff before the district court. Although the circuit court affirmed the district court's ruling that the amendment did not relate back to the time of the original complaint, in a footnote it added: "the district court has discretion whether to permit the 'amendment' ...." *Pressroom, supra,* slip op., April 7, 1983 (amending decision filed Feb.

The plaintiffs' reading of § 313 does not affect the result herein.

6. CPLR § 308 provides for service within the state: "[p]ersonal service upon a natural person shall be made by any of the following methods: 1. by delivering the summons within the state to the person to be served ...."

18, 1983).[7] The court noted in the footnote that the district court had properly denied the amendment because allowing the amendment to relate back would evade the statute of limitations. In the court's reasoning, that consideration distinguished *Pressroom* from *Hackner v. Guaranty Trust Co.,* 117 F.2d 95 (2d Cir.), *cert. denied,* 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941), an earlier case in which the Second Circuit had permitted relation back. *Id.*

■ This court must exercise its discretion in deciding whether to permit relation back of the amendment under Fed.R.Civ.P. 15(c) by considering the policies underlying that rule. The rule was enacted to avoid the harsh consequences that can result from a rigid application of the statute of limitations. *See* Wright and Miller, *Federal Practice and Procedure,* Volume 6, §§ 1496, 1498. *See also* Fed.R.Civ.P. 15 Advisory Committee Note to the 1966 Amendments.

■ Relation back ameliorates the sometimes unfair results of the statute of limitations, and it does not conflict with the policy underlying the statute of limitations. Thus, where a plaintiff has mistakenly named an incorrect party, Rule 15(c) permits an amended complaint to relate back to the date the original complaint was filed, provided that, within the statutory period, the correct party: (1) received "such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits"; and (2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Although 15(c) specifically refers to amendments changing the name of a de-

7. The court in *Pressroom* considered the issue of amendment and relation back as a single question. In that case, permitting amendment without allowing relation back would have been a meaningless gesture because a statute of limitations would have barred the suit. Where, as here, relation back does not evade the statute of limitations, the issue of amendment and relation back are two distinct issues.

fendant, it applies to amendments changing plaintiffs as well.[8]

As long as a defendant has received notice of the action, and is prepared to defend against it, "his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense." Wright and Miller, *Federal Practice and Procedure,* Volume 6, § 1501 (1971), p. 524. For this reason courts have permitted relation back of amendments filed even after the expiration of the limitations period. For example, courts have permitted relation back where the only difference in complaints is the addition of a plaintiff and defendants will not be prejudiced by lack of earlier notice of the additional plaintiff. *See, e.g., American Banker's Ins. Co. v. Colorado Flying Academy,* 93 F.R.D. 135 (D.C.Colo.1982).[9] The general policy of Rule 15(c), therefore, is to allow relation back where there is no prejudice to the non-moving parties.

Under *Pressroom,* this court may use its discretion in determining whether to permit relation back of the amendment to the date of the original complaint. First, the statute of limitations considerations present in *Pressroom,* which supported denial of the amendment in that case, are absent here. Second, the plaintiffs here were mistaken about the interpretation of the federal statute, named the wrong party as plaintiff in this suit, and now seek to amend. They should not be punished for their error, particularly in view of the fact that the Second Circuit resolved the ambiguity surrounding § 1132 *after* plaintiffs had filed their original complaint. Third, relation back of the amendment in this case is consistent with the policies underlying Rule 15(c). The defendant was notified of the action on February 9, 1983 when he was personally served.[10] At that time, defendant received notice of precisely the same action now asserted in the amended complaint; the sole difference is the addition of a fiduciary. Finally where the defendant has not shown any prejudice, and, indeed, the addition of the fiduciary does not prejudice defendant, there is no reason to deny relation back of the amendment. The court therefore grants plaintiffs' motion to amend the com-

---

**8.** The Advisory Committee Note states that "[t]he relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendmen'.3 changing plaintiffs." The Note further states that revised Rule 17(a), which provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed" for correction, is relevant to the policies underlying Rule 15(c). These rules reflect the federal courts' liberal policy toward the amendment of complaints.

**9.** In *Wadsworth v. U.S. Postal Service,* 511 F.2d 64 (7th Cir.1975), a case analogous to this one, the original plaintiff mistakenly followed state practice instead of the federal real-party-in-interest rule, and subsequently sought to amend the complaint by adding the correct plaintiff. The court allowed relation back of the amendment after the limitations period had passed because it found that the defendant would not be prejudiced by the amendment. In both *Wadsworth* and the case at bar plaintiffs misunderstood the federal law and named the incorrect plaintiff.

In addition, courts have permitted relation back where the plaintiff lacked capacity to sue and sought to amend the complaint to sue in a different capacity, after the statutory period had passed. *See, e.g., Missouri, Kansas & Texas Ry. Co. v. Wulf,* 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913); *Shinkle v. Union City Body Co.,* 94 F.R.D. 631 (D.C.Kan.1982); *Russell v. New Amsterdam Cas. Co.,* 303 F.2d 674 (8th Cir.1962). Similarly, courts have permitted relation back of amendments filed after the limitations period where the amended complaint added a new plaintiff with the capacity to sue. *See, e.g., Holmes v. Pennsylvania New York Cent. Transp. Co.,* 48 F.R.D. 449 (D.C.Ind. 1969). Courts have also permitted relation back where the amended complaint, filed after the statutory period, substituted a new plaintiff for the original plaintiff. *See, e.g., Staggers v. Otto Gerdau Co.,* 359 F.2d 292 (2d Cir.1966).

**10.** On December 15, 1982 the Mobil Plans mailed a copy of the complaint to the defendants, who presumably were aware of the action shortly thereafter, although Vickery did not receive personal service until February 9, 1983. Affidavit of Gail Nichols, sworn to April 15, 1983, 3–5.

plaint, and finds that the amendment relates back to the filing of the original complaint.

#### (b) *Convenient Forum*

■ Because the amended complaint relates back to the date the original complaint was filed, the proceeding here is the first filed action. A federal court may enjoin prosecution of a later filed action involving the same issue, *Meeropol v. Nizer,* 505 F.2d 232, 235 (2d Cir.1974). The first filed action has priority over a later filed action "absent the showing of balance of convenience in favor of the second action." *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423 (2d Cir.1965), *cert. dismissed* 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966), *quoting Remington Products Corp. v. American Aerovap, Inc.,* 192 F.2d 872, 873 (2d Cir.1951). *See also Semmes Motors, Inc. v. Ford Motor Company,* 429 F.2d 1197, 1202 (2d Cir.1970).

■ In considering where to try an interpleader case, however, the stake-holder plaintiff's forum choice is not generally a strong interest and carries no presumption of being the most convenient forum. *See Wilmington Trust Co. v. Gillespie,* 397 F.Supp. 1337 (D.C.Del.1975). In this case, on the other hand, plaintiffs have a practical interest in having the case tried in a federal court in New York. Realistically, among federal courts, totally uniform construction of a federal statute is frustrated because statutes often are not clearly and artfully drawn and are the product of compromise in the legislative process. Variations among the circuits in the construction of a statute do appear from time to time. To force plans to litigate beneficiary claims in different circuits would compound the problems of plan administrators and would increase the expense of the plans' litigation. These burdens would work to the detriment of plan participants.

■ ERISA plans should be administered efficiently for the benefit of all the participants. 29 U.S.C. § 1001(b). A district court must use its sound discretion in deciding whether to transfer a case on the basis of convenience. *Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). This court finds that one relevant factor in that determination is the goal of efficient administration of ERISA plans. Efficient administration of plans can be accomplished most easily if the governing law is clear. Plaintiffs, therefore, have an interest in having courts in this circuit resolve disputes that affect the administration of the Plans, and this court will consider that interest in deciding where this case should be tried. Nevertheless, because of the interpleader nature of this action, this court finds no reason to begin its consideration with a presumption that plaintiffs' choice of forum is the convenient one.

Another formulation of the same issue is the question of whether this court should grant the husband's motion to transfer this action to Texas. The transfer provision, 28 U.S.C. § 1404(a), permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice . . . ."

In this case the Mobil Plans are administered in New York, and, for the reasons discussed *supra,* the Plans have an interest in having this case adjudicated in New York.

The defendant siblings reside in California, Texas and Oklahoma, but have retained a New York attorney and have voluntarily accepted service through their New York counsel. Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Enjoin Defendant, 19. All the claimants aside from the husband prefer the New York forum.

The husband resides in Texas, and the Texas forum is clearly convenient for him. In addition, the husband asserts that a factual issue exists and will require for its resolution testimony from several witnesses all of whom are in Texas. The husband claims that Mrs. Vickery's beneficiary designation to the siblings is invalid because she was not competent at the time it was executed. In order to prove her incompe-

tence, the husband asserts, he must present witnesses all of whom reside in Texas.

Normally the expense of bringing these witnesses to New York would outweigh the preference of the other claimants for the New York forum and the interest of the Plans in having the adjudication in New York. In this case, however, there is abundant evidence that the husband's claim is a specious one, cooked up for strategic reasons to bring the case to his own forum in Texas and to complicate an otherwise straightforward legal question of ERISA preemption.

Mrs. Vickery changed her beneficiary designation after divorcing her husband. This is far from an uncommon or illogical act. In addition, Mrs. Vickery worked as a paralegal for half a year after she changed her beneficiary designation. It is unlikely that a legally incompetent person could function for so long as a paralegal. Furthermore, the husband offers a list of witnesses who "may" testify as to Mrs. Vickery's incapacity. He states in an affidavit, "[o]n information and belief, these individuals will testify that Judy Vickery did not have capacity during the time preceding her death." He includes on the list "J.R. Kinzer, who was Judy's [Mrs. Vickery's] supervisor." The Plaintiffs have submitted an affidavit by Mr. Kinzer, however, stating that the husband never contacted Mr. Kinzer about testifying or about whether Mr. Kinzer thought that Mrs. Vickery was competent. Mr. Kinzer further states in his affidavit that, based on his daily contacts with Mrs. Vickery, he believes she was competent at the time she made the change in her beneficiary designation. Affidavit of James R. Kinzer, sworn to April 28, 1983. The husband therefore had no "information" or basis for a "belief" as to how Mr. Kinzer would testify, and, in fact, all the evidence indicates that Mrs. Vickery was competent.

The Plans have shown that the convenience of the parties and the interests of justice indicate that the issue of ERISA preemption should be adjudicated in New York. The defendant has failed to make a sufficient showing that a factual issue exists. This court therefore denies the defendant husband's motion to transfer.

## CONCLUSION

The plaintiffs motion to amend their complaint and to stay the defendant husband's Texas action is granted. The defendant husband's motion to dismiss this action or transfer it to Texas is denied.

SO ORDERED.