**CARPETLAND, U.S.A., Plaintiff,**

v.

**J.L. ADLER ROOFING, INC., Defendant.**

No. 84 C 9897.

United States District Court, N.D. Illinois, E.D.

Sept. 11, 1985.

Matthew J. Gehringer, Phelan Pope & John, Chicago, Ill., for plaintiff.

Gary Kostow, Clausen Miller Gorman Caffrey & Witous, P.C., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

Carpetland, U.S.A., brings this diversity action seeking damages in the amount of $215,714.16 allegedly incurred as a result of defendant's attempts to repair plaintiff's roof. Defendant claims that in the course of discovery it was revealed that of the $215,714.16 alleged as damages, only $2,500 represents damages allegedly sustained by plaintiff. The balance is said to represent the amount that Affiliated FM ("FM"), plaintiff's insurer, has paid to plaintiff for the loss sustained. Plaintiff admits that FM is its insurer and that FM reimbursed plaintiff for the entire loss except for the $2,500 deductible amount of the policy. Defendant moves this court to compel the joinder of FM as a party plaintiff. For the reasons stated below, the motion is granted.

Under Rule 17(a) of the Federal Rules of Civil Procedure, "[e]very action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). An action may involve two real parties in interest, as is the case with partial subrogation of claims. Specifically, when an insurer has paid part of an insured's claim, then in an action by the insured against the wrongdoer for the entire loss, the insurer has been held to be a real party in interest to the extent of the reimbursement; the insured is also a real party in interest to the extent of the whole amount of the loss. *Virigina Electric Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78, 84 (4th Cir.1973), *cert. denied*, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974). See also *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 380–81, 70 S.Ct. 207, 215–16, 94 L.Ed. 171 (1949); *Gas Service Co. v. Hunt*, 183 F.2d 417 (10th Cir.1950); 3A Moore's Federal Practice ¶ 17.09 [2.–1], at p. 108 (2d ed. 1985). Indeed, not only does plaintiff concede that FM, the insurer, is a real party in interest in this case, but Indiana substantive law follows this general rule of considering the subrogated insurer to have a right to maintain a cause of action against an insured's wrongdoer and therefore be a real party in interest. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co. v. Home Insurance Co.*, 183 Ind. 355, 108 N.E. 525 (1915); *Baltimore*

*and Ohio Railroad Company v. Day,* 91 Ind.App. 347, 166 N.E. 668 (1929). When the insured sues and prevails against the wrongdoer for the entire loss, the insurer has an equitable interest in the recovery to the extent of its payment to the insured. *See Lake Erie & Western Railway Co. v. Hobbs,* 40 Ind.App. 511, 516, 81 N.E. 90, 91 (1907). Because state substantive law governs the determination of who possesses a real interest in a diversity action, *see, e.g., Casualty Indemnity Exchange v. Village of Crete,* 731 F.2d 457 (7th Cir.1984), *American National Bank & Trust Co. of Chicago v. Weyerhaeuser Co.,* 692 F.2d 455 (7th Cir.1982), and because Indiana law governs the action here, both plaintiff (whose real interest is not disputed) and FM are real parties in interest.

■ The question, then, is whether a non-party who is nevertheless a real party in interest to an action must, under federal procedural law, be joined. Plaintiff seeks to answer this question by relying on the language of Fed.R.Civ.P. 19(a)(2). This rule provides that a real party in interest must be joined if feasible—that is, if the party is subject to service of process and the party's joinder will not destroy subject matter jurisdiction:

> [Rule 19] (a) *PERSONS TO BE JOINED IF FEASIBLE.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... [omitting subsection (1) not relevant here] (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest....

Here, FM is a real party in interest because "he claims an interest relating to the subject matter of the action." Plaintiff argues, however, that FM cannot be joined because the further prerequisites of Rule 19(a)(2) are not satisfied. Specifically, plaintiff argues that FM is not so situated that the disposition of the action in its absence may either (1) adversely affect its interest or (2) leave defendant subject to the risk of double, multiple, or inconsistent obligations. Plaintiff's position that Rule 19(a)(2)(i) is not satisfied is based on the assertion—which defendant does not dispute—that FM's interest in the litigation is fully represented by plaintiff's counsel. Thus, FM has the opportunity in this action to fully litigate its rights arising out of the subrogation. Plaintiff's contention that Rule 19(a)(2)(ii) is not satisfied is based on the proposition that FM, by virtue of its status as plaintiff's insurer and its participation and assistance in this litigation, will be bound by the judgment of this case. Therefore, defendant stands no risk of suffering any additional obligations from a suit by the insurer. This proposition is not disputed by defendant, and it is supported by Indiana law on claim preclusion. *See, e.g., Roby v. Eggers,* 130 Ind. 415, 29 N.E. 365 (1891); *Williamson v. Purity Bakeries of Indiana,* 101 Ind.App. 441, 193 N.E. 717 (1934); *Hine v. Wright,* 110 Ind.App. 385, 36 N.E.2d 972 (1941).

Plaintiff's argument, essentially, is that the question of whether a real party in interest must be joined is answered solely by reference to Rule 19(a). Some courts, all outside the Seventh Circuit, have approved of plaintiff's argument. *See, e.g., Dudley v. Smith,* 504 F.2d 979 (5th Cir. 1974), *White Hall Building Corp. v. Profexray Division of Litton Industries, Inc.,* 387 F.Supp. 1202 (E.D.Pa.1974), *Sheldon v. West Bend Equipment Corp.,* 718 F.2d 603 (3rd Cir.1983). However, plaintiff's argument is contrary to the result reached by the Seventh Circuit in *Wadsworth v. United States Postal Service,* 511 F.2d 64 (7th Cir.1975). The Court in *Wadsworth* held that under the real-party-in-interest rule of Rule 17(a), "the insurer who has paid part of the [insured's] loss is required to be joined as plaintiff." 511 F.2d at 65. The Court did not discuss or even refer to the

prerequisites of Rule 19(a)(2)(i) or (ii). The natural conclusion is that the Court does not require those prerequisites to be satisfied before joinder is appropriate under Rule 17(a). The Seventh Circuit thus regards Rule 17(a) as an independent authority for compulsory joinder. Joinder, if feasible, is required regardless of whether the Rule 19(a)(2)(i) or (ii) prerequisites have been satisfied. This court is bound to follow the Seventh Circuit rule.

The *Wadsworth* holding relied on the Supreme Court's analysis in *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). In *Aetna,* the Court held that in the case of partial subrogation, "both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names." 338 U.S. at 381. The Court's analysis relied on both Rules 17(a) and 19. But the Rule 19 in force at the time of *Aetna* did not require that prerequisites equivalent to today's Rule 19(a)(2)(i) or (ii) be met before joinder was compelled. Instead, the Rule compelled joinder simply when there were "persons having a joint interest" in an action. Fed.R.Civ.P. 19(a) (as originally promulgated in 1937 and in force at the time of *Aetna*). Thus the Court in *Aetna* did not and in fact could not have applied the Rule 19(a)(2)(i) and (ii) prerequisites of today to a Rule 17(a) joinder. Taking *Aetna's* lead, the Seventh Circuit in *Wadsworth* thus read Rule 17(a) as requiring the joinder of real parties in interest independent of a Rule 19(a)(2) analysis. For decisions in other circuits where Rule 17(a) has been similarly regarded, see *Travelers Insurance Co. v. Riggs*, 671 F.2d 810 (4th Cir.1982), *Virginia Electric & Power Co., v. Westinghouse Electric Corp.*, 485 F.2d 78, 84 (4th Cir.1973), *Public Service Co. of Oklahoma v. Black & Veatch*, 467 F.2d 1143 (10th Cir.1972), *Gas Service Co. v. Hunt*, 183 F.2d 417 (10th Cir.1950), 3A Moore's Federal Practice ¶ 17.09 [2.–1], at p. 108 & n. 10 (2d ed. 1985), and *id.* ¶ 17.09 [2.–4], at p. 128–29.

■ It is not difficult to understand why the real-party-in-interest rule of Rule 17(a) provides federal courts with a basis, independent of Rule 19(a), for requiring joinder. Rule 17(a) has a purpose that is not covered by the scope of Rule 19(a): to reveal to the factfinder all the "owners" of the claim sought. "The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." *Aetna*, 338 U.S. at 382, 70 S.Ct. at 216. Only when the state substantive law regards the insured as the only real party in interest is joinder of the insurer under Rule 17(a) not required. See *Industrial Development Board of Prattville v. Brown & Root, Inc.*, 99 F.R.D. 58 (M.D.Ala.1983). Such is not the case here because, as stated earlier, Indiana law regards the insurer of a subrogated claim as a real party in interest and as having an equitable interest in plaintiff's claim.

■ Plaintiff may object to joinder of FM on the grounds that an insurer as a party plaintiff will prejudice the jury against plaintiff Carpetland. If plaintiff is concerned about prejudice, this court has measures at its disposal, such as voir dire, jury instructions, and other techniques to correct such prejudice, should it arise. Nonjoinder of a real party in interest is an unacceptable method for curing prejudice, *see Travelers Insurance Co.*, 671 F.2d at 814, especially when no basis for that prejudice has been presented to the court and such a nonjoinder would be in direct contravention to Rule 17(a).

Furthermore, the court's holding today does not suggest that if joinder cannot be effectuated under Rule 19(a) (because the prerequisites are not met), it can nevertheless be effectuated under Rule 17(a). Only real parties in interest—"owners" of a single claim—must be joined under Rule 17(a). Rule 19(a) compels joinder of all parties who "claim an interest relating to the subject of the action." Fed.R.Civ.P. Rule 19(a). While this phrase includes all real parties in interest, it also includes many others who do not qualify as real parties in interest because under the applicable state law they do not own portions of the plain-

tiff's substantive claim. *See, Walsh v. Centeio,* 692 F.2d 1239, 1243 (9th Cir.1982) (requiring joinder under Rule 19(a) of five beneficiaries of different trusts that were intended to be administered in a uniform manner by the same trustees; joinder required because trustees would otherwise be subject to multiple litigation; beneficiaries were not entitled to proceeds of one another's trusts so no mutual ownership of claims). Thus, Rule 17(a) will not necessarily succeed when Rule 19(a) fails to compel joinder.

Of course, it is possible that joinder is not feasible because FM cannot be made subject to service of process or FM's party status would destroy this court's subject matter jurisdiction over this case. In that event the court would have to decide if FM is an indispensable party. Courts generally refer to Rule 19(b) to determine if a party whose joinder is required under Rule 17(a) should nevertheless not be joined because of infeasibility. *See Garcia v. Hall,* 624 F.2d 150 (10th Cir.1980), 3A Moore's Federal Practice ¶ 19.07 –1 [2.–2], at n. 18 (2d ed. 1985). But since plaintiff has not alleged that joinder of FM is not feasible, the court assumes that joinder is in fact feasible here. Given feasibility, and given that FM is a real party in interest, Rule 17(a) requires the joinder of FM.

### Conclusion

The motion for joining Affiliated FM as a party plaintiff is granted.

It is so ordered.