**Thomas M. LEMONS and TLA–Lighting Consultants, Inc., Plaintiffs,**

v.

**MYCRO GROUP COMPANY, Musco, Inc. and Joe Crookham, Defendants.**

Civ. No. 87–165–E.

United States District Court, S.D. Iowa, C.D.

Aug. 20, 1987.

---

Jaki K. Samuelson, Des Moines, Iowa, for plaintiffs.

K.J. Walker, Des Moines, Iowa, for defendants.

## ORDER

DONALD E. O'BRIEN, District Judge.

This matter is before the Court on plaintiffs' motion for preliminary injunction. A hearing was held, and after careful consideration of the parties' briefs and arguments, the Court grants plaintiffs' motion in part and denies it in part.

### Facts

This is an antitrust action which was transferred from the federal district court for the District of Massachusetts, as that court found that venue was proper in Iowa. Plaintiff Lemons owns TLA–Lighting Consultants, a Massachusetts corporation. TLA–Lighting provides consulting services for the design and installation of lighting systems, including systems for sports facilities. Defendants Mycro Group and Musco are Iowa corporations engaged in the same type of business. Defendant Crookham is president of both these corporations.

In June 1985, Defendant Mycro retained Plaintiff Thomas Lemons as an expert in an Iowa state court suit where Mycro alleged that one of its former employees misappropriated proprietary information. Plaintiff Lemons testified in that litigation regarding "glare-guard" lamps. Certain Mycro materials concerning the glare-guard process were provided to Plaintiff Lemons pursuant to a protective order entered by the Iowa district court. In August 1985, a consent judgment was entered in the state court litigation, over which the state court had continuing jurisdiction. Mycro later alleged that its former employee violated the consent judgment, and the case ultimately settled.

Plaintiff Lemons fears that defendants may file a contempt action in state court, alleging that he violated the protective order and misappropriated information he learned in his capacity as an expert. Plaintiff also alleges that since the settlement of the state court lawsuit, defendants have been telling customers common to both plaintiffs and defendants that Plaintiff Lemons is guilty of trade secret misappropriation. Plaintiff contends that if this conduct continues, defendants will eliminate plaintiff as a competitor, as customers will fear they may become entangled in litigation if they retain his services. Plaintiff requests this Court to enjoin defendants from filing a contempt action in state court and from telling plaintiffs' customers that he is guilty of trade secret misappropriation.

### Discussion

I. Injunction re State Court Proceedings.

■ Defendants argue that this Court may not enjoin them from seeking a contempt order in the state court, as that would violate the federal anti-injunction statute, 28 U.S.C. § 2283. The act provides:

A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

However, the act does not apply when the federal court has first obtained jurisdiction over the subject matter. *National City Lines, Inc. v. LLC Corp.*, 687 F.2d 1122, 1127 (8th Cir.1982). "A federal court may restrain subsequently filed state court proceedings involving the same subject matter. The prohibition of the Act is only against interference in a 'pending' state

proceeding." *Id.; see also Dumbrowski v. Pfister*, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 1119 n. 2, 14 L.Ed.2d 22 (1965). Thus, the issue here is whether Myro's attempt to seek a contempt order in state court is a "pending" proceeding.

In *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911), the Supreme Court held that after settlement, contempuous conduct may only be prosecuted by a separate and independent contempt action. *Id.* at 451–52, 31 S.Ct. at 502. Plaintiffs argue that as the suit in which Lemons was retained as an expert has settled, any contempt proceeding would be a new action. Defendants contend that the original state court order was in the form of a consent judgment in that the state court had continuing jurisdiction. They further argue that when Mycro had to go back to state court alleging the employee's violation of the consent judgment, the employee's settlement "amended" the consent judgment, so that the state court still has continuing jurisdiction.

■ The Court is not persuaded by this agreement. Defendants cited no Iowa law supporting this contention, and the Court finds that as the state court litigation has settled, any contempt proceeding would have to be a new action, and the Anti-Injunction Act does not apply. The Court also believes it appropriate to enjoin defendants from seeking such a contempt ruling in state court at this time. Should the defendants prevail in the action before this Court, they will be able to take the verdict and transcripts to state court, as further support for their contempt action. The Court finds that the injunction will avoid vexatious litigation of the same or similar subject matter, as well as judicial and economic waste. *Minnesota Mining and Manufacturing Co. v. Rynne*, 661 F.2d 722, 723–24 (8th Cir.1981); *Employees Savings Plan v. Vickery*, 99 F.R.D. 138 (D.N.Y.1983). The Court therefore grants that portion of plaintiffs' motion for preliminary relief requesting an injunction barring the institution of a state court contempt action.

II. Injunction re Statements to Customers.

■ In *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981), the court enumerated four relevant factors in determining whether a preliminary injunction should issue:

Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest.

Regarding the first factor, this Court is not persuaded that Plaintiff Lemons has demonstrated irreparable harm. In *Sunward Corp. v. Dunn & Bradstreet, Inc.*, 568 F.Supp. 602 (D.Colo.1983), the district court held that

[g]enerally, the First Amendment prohibits prior restraint through injunction, and torts against the person such as defamation may not be enjoined.... There is usually an adequate remedy at law to redress injury to personal rights.

*Id.* at 609 (citations omitted). Defamatory speech is not protected by the First Amendment. *Beauharnais v. Illinois*, 343 U.S. 250, 72 S.Ct. 725, 96 L.Ed. 919 (1952). However, the *Sunward* court held that a showing of continued or repetitive libelous or slanderous attacks is required before an injunction may issue. *Sunward Corp., supra*, at 609.

Plaintiff Lemons' affidavits of February 12, 1987 and June 5, 1987 state only one concrete incident of alleged defamatory conduct. Plaintiff put on no evidence at the hearing, other than his conclusory statements in his affidavits that he was losing customers because of defendants' actions. The Court finds that plaintiffs have not shown irreparable harm, and that monetary damages appear to be an adequate remedy. The next factor concerns the balance of harm to the defendants should the injunction issue. Defendants argue that an injunction would prevent them from protecting their trade secrets.

However, the Court believes that defendants can adequately attempt to protect their interests in the context of this lawsuit. Therefore, the balance of harm tends to favor the plaintiff.

The third factor concerns the probability of success on the merits. As this is an antitrust action, plaintiffs must show that defendants have sufficient market power to state a Sherman Act claim. *United States v. Grinnell Corp.*, 384 U.S. 563, 571, 86 S.Ct. 1698, 1704, 16 L.Ed.2d 778 (1966). Defendant Crookham's affidavit states that defendants hold only a very small share of the market as compared to larger competitors—e.g., General Electric, Hy-Tech and Hubbell. Plaintiffs filed no affidavits to the contrary, nor did they submit any evidence of defendants' market share. Regarding defamation, defendants argue that Defendant Crookham's letter to the village of Willamette contained only a statement of opinion as to Lemons' alleged misappropriation of trade secrets. Statements of opinion are protected speech under the First Amendment. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), and are not actionable as defamation. *Flotech, Inc. v. E.I. Dupont de-Nemours Co.*, 627 F.Supp. 358, 368 (D.Mass.1985). Therefore, at least at this stage, the Court finds that plaintiffs have not met the third factor in *Dataphase*.

The fourth and final factor is the public interest. The Court believes the public has an interest in the free flow of ideas and opinions and in prohibiting prior restraints. Therefore, the Court finds that the public interest is better served by not entering an injunction. One final consideration which troubles the Court is the difficulty in enforcing plaintiffs' requested injunctive relief. It is unclear what the procedure would be if defendants allegedly violated such an injunction. Should plaintiffs notify the Court each and every time they believed defendants had told their customers about the misappropriation allegations, this Court would be compelled to allow defendants an opportunity to be heard, which could seriously impede this matter moving toward trial. Also, there may be situations where plaintiffs would not even be aware that the defendants had allegedly defamed him in speaking to his customers, nor would the Court have any way of obtaining this information. Therefore, having considered the *Dataphase* factors, the Court declines to enjoin the defendants from making statements regarding misappropriation to customers, but strongly urges them to consider not doing so, for if plaintiffs ultimately win this litigation, defendants' damages liability could conceivably be greater.

IT IS THEREFORE ORDERED that plaintiffs' motion for preliminary injunction regarding the contempt action in state court is hereby granted. The defendants are hereby enjoined from instituting a contempt action in state court until the resolution of this lawsuit.

IT IS FURTHER ORDERED that plaintiffs' motion for preliminary injunction regarding defendants' statements to customers is hereby denied.