**FEDERAL INSURANCE COMPANY, etc., Plaintiff,**

v.

**YOUR HOMEWORK, INC., et al., Defendants.**

**No. 03 C 5092.**

United States District Court, N.D. Illinois, Eastern Division.

July 24, 2003.

Larry R. Eaton, Cozen & O'Connor, Chicago, IL, for Plaintiff.

Frank D'Astaci, Chicago,IL, for Defendants.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

Federal Insurance Company ("Federal") has sought to invoke this Court's diversity jurisdiction in a subrogation action brought against two Illinois defendants— Your Homework, Inc. ("Homework") and Frank D'Astici ("D'Astici"). This memorandum order is issued sua sponte because of the obvious jurisdictional questions posed by Federal's Complaint.

█ It is not simply that this Court's initial responsibility is to take a hard look at the presence or absence of federal subject matter jurisdiction—as our Court of Appeals has put it in *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

Just last week our Court of Appeals has provided a new poster child example (supplanting this Court's customary references to a case from the early 1980s, *Ross v. Inter–Ocean Ins. Co.,* 693 F.2d 659 (7th Cir.1982)) that demonstrates the high price that is paid when jurisdictional flaws are discovered late in the day—in that instance, after eight years leading to an appellate review of the District Court's judgment—see *Hart v. Terminex Int'l,* 336 F.3d 541 (7th Cir.2003).

█ There is no problem as to the citizenship of each of the defendants: Homework's dual corporate citizenship under 28 U.S.C. § 1332(c)(1) is entirely Illinois-sited, and although Federal's counsel has mistakenly identified D'Astici's *residence* rather than his state of *citizenship* (an error that could of itself have called for dismissal of this action under the teaching of *Held v. Held,* 137 F.3d 998, 1000 (7th Cir.1998)), it will be assumed for present purposes that the mistake could readily be cured because an individual's state of citizenship most often (though not always) coincides with his or her place of residence. As for the requisite amount in controversy, Complaint ¶ 5 says that it exceeds $75,000, though nothing specific in the body of the Complaint tends to confirm that.

█ What is seriously problematic instead is that although Federal says it is suing as subrogee of its insureds Stephen and Lynn Cohen (collectively "Cohens"), both the usual nature of such insurance coverage and the fact that the Complaint sounds in negligence as well as breach of contract (both Complaint ¶ 16 and Complaint ¶ 19 seek to recover "all such direct, indirect, consequential, special and/or compensatory damages as a result of" Homework's and D'Astici's negligence) strongly suggest that this action is in fact brought on behalf of *both* Federal and Cohens as real parties in interest under Fed.R.Civ.P. 17(a). On that score, see, e.g., this Court's opinions in *State Sec. Ins. Co. v. Frank B. Hall & Co.,* 109 F.R.D. 95 and 109 F.R.D. 99 (N.D.Ill.1986) and, more importantly, our Court of Appeals' opinion in *Wadsworth v. United States Postal Serv.,* 511 F.2d 64, 65 (7th Cir.1975) and the Supreme Court's opinion in *United States v. Aetna Cas. & Surety Co.,* 338 U.S. 366, 380–81, 70 S.Ct. 207, 94 L.Ed. 171 (1949), both quoted in the first-cited of this Court's *State Sec.* opinions.

█ If then (1) Federal's policy contains any deductibility clause (as was the case in *Wadsworth* and *Aetna*) or (2) any part of the relief that is sought goes beyond the amount actually paid by Federal to Cohens (as the Complaint appears to suggest) or (3) both of those things are true, Cohens' Illinois citizenship becomes relevant—and that would of course destroy diversity and would hence deprive this Court of jurisdic-

tion. By definition those things must have been known to Federal now and must therefore be immediately accessible to it, and in turn that means the immediate availability of that information to Federal's counsel. And wherever as here a bona fide question exists as to the existence of subject matter jurisdiction, it is the affirmative obligation of the party invoking such jurisdiction to establish its presence.

Accordingly Federal and its counsel are ordered to file an amendment to the Complaint in this Court's chambers on or before July 31, 2003 that both (1) quantifies the amount that Federal has paid to Cohens and (2) discloses whether or not either or both of the circumstances referred to in the preceding paragraph exist. This Court will promptly determine whether it can properly retain jurisdiction. If it cannot, any resulting dismissal will of course be without prejudice to Federal's reassertion of its claim in a state court of competent jurisdiction.