Darwin R. WRIGHT, Plaintiff,

v.

The SCHEBLER CO. and the Home-O-
Nize Co., et al., Defendants.

Civ. No. 3-615.

United States District Court
S. D. Iowa,
Davenport Division.

May 5, 1965.

Verne Lawyer, Des Moines, Iowa, Daniel Pecyna, Chicago, Ill., and A. B. Crouch, Des Moines, Iowa, for plaintiff.

Roger L. Lande, Muscatine, Iowa, James Crawford, Cedar Rapids, Iowa, Robert V. P. Waterman, Richard M. McMahon, Thomas F. Daley, Jr., and Walter A. Newport, Jr., Davenport, Iowa, for defendants.

STEPHENSON, Chief Judge.

This matter is now before the Court upon the motions of the defendants, The Home-O-Nize Co., for (1) joinder of plaintiff's wife, Joan Wright, under Fed. R.Civ.P. 21, as additional party plaintiff; (2) joinder of Michigan Mutual Liability Company under Fed.R.Civ.P. 19(b) as an additional party plaintiff; and, (3) an order of Court requiring plaintiff to produce for inspection and copying certain designated documents under Fed.R.Civ.P. 34. Plaintiff has filed resistance to defendant's two respective motions for joinders, but not to the motion for production of documents.

The Court finds that the motion of the defendant, The Home-O-Nize Co., for production of the documents contained in its motion for production filed April 9, 1965, should be granted. The plaintiff shall produce said documents for the purpose of inspection and copying by defendant on or before May 20, 1965, in a manner, or at a time and place, convenient to the parties concerned.

The defendant, The Home-O-Nize Co., has filed motions requesting the Court to join as party-plaintiffs Joan Wright, wife of Darwin R. Wright, plaintiff, and Michigan Mutual Liability Company, the workmen's compensation company for Spra-Con Company, plaintiff's employer. In regard to Joan Wright, the Court finds that she should not be joined as a party-plaintiff in this action. In diversity actions state law determines who has the substantive right sought to be enforced, and the federal rules govern the procedural question of joinder. Under Iowa law consortium is a property right. And a wife, as well as a husband, can regard it as a property right due her. Acuff v. Schmit, 248 Iowa 272, 78 N.W. 2d 480 (1956). Plaintiff's wife has no legal interest in her husband's cause of

action and he has none in hers. Plaintiff's wife is not an indispensable or necessary party to her husband's suit, and it appears clear to the Court that Fed.R.Civ.P. 19(a) does not apply. See Sove v. Smith, 311 F.2d 5 (6th Cir. 1962). Additionally, the Court finds that no sufficient reason has been demonstrated by defendant why the Court should cause Joan Wright to be made a party-plaintiff under Fed.R.Civ.P. 21.

Defendants other motion for joinder concerns the Michigan Mutual Liability Company, the workmen's compensation carrier for Spra-Con Company, plaintiff's employer. Defendant claims Michigan Mutual is a real party in interest in plaintiff's action under Fed.R.Civ.P. 17(a), inasmuch as Michigan Mutual has paid part of the plaintiff's loss, and therefore, a subrogee to plaintiff's recovery, if any. Defendant further contends that Michigan Mutual should be joined under Rule 19 as a party plaintiff in the present suit.

█ █ In diversity actions state law determines who is a real party in interest; on the other hand, federal law governs the procedural question of joinder. Federal Rule 17(a) states that every action shall be brought in the name of the real party in interest. Under this rule the real party in interest is the party (or parties) who, by the substantive (state) law, possess the right sought to be enforced.

█ Since the present matter concerns multiple state contacts the Court must initially determine whether to apply the law of Iowa or Illinois. It appears to the Court that the Illinois law must control, inasmuch as plaintiff is receiving compensation benefits under the Illinois Act. And under the Illinois Act the employer (the compensation carrier) is a statutory lienholder, to the extent of its claim, in the employee's recovery, if any. Also by specific provision the compensation carrier may join in the action as a party plaintiff as of right on its own motion. Ill.Rev.Stat. ch. 48 § 138.5(b) (1953). There is no provision whereby

the defendant to the employee's action can compel the compensation carrier to be joined as a party plaintiff; however, it does not appear to the Court that this dictates the conclusion that Michigan Mutual is not a real party in interest nor does it mean that this Court is precluded from joining Michigan Mutual in this suit. Whether or not a defendant can compel a compensation carrier to be joined as a party is a procedural problem. The Illinois rule thereon is not binding upon this Court; the federal rule governs. Braniff Airways v. Falkingham, 20 F.R.D. 141, 143 (D.Minn.1957).

█ It suffices for the Court to hold that under the applicable Illinois law Michigan Mutual has a statutory right in the recovery of the plaintiff to the extent of its claim, and Michigan Mutual can, as of right, join the present action as a party plaintiff if it so desires. Consequently, Michigan Mutual has a substantive right which is legally protected under Illinois law and is therefore a real party in interest under Fed.R.Civ.P. 17(a). Braniff Airways v. Falkingham, supra; contra, Race v. Hay, 28 F.R.D. 354 (N.D.Ind.1961).

█ Since the requirements of Rule 17(a) have been satisfied, it is necessary to decide whether Michigan Mutual is an "indispensable" or "necessary" party under Rule 19, the federal rule on joinder of parties. Generally the label of "indispensable" is used if the connection is so close that the action should be dismissed unless the party is joined. Stevens v. Loomis, 334 F.2d 775 (1st Cir. 1964). Under this test Michigan Mutual is clearly not an indispensable party. Carlson v. Consumers Power Co., 164 F.Supp. 692 (W.D.Mich.1957).

█ The Court has found that there is disagreement in the law upon the point of whether or not a defendant, such as in the present suit, can compel upon timely motion under Rule 19 the joinder of a compensation carrier as a party plaintiff upon the theory that it is a "necessary"

party to the action. Compare Braniff Airways v. Falkingham, supra, with Carlson v. Consumers Power Co., supra.

Fed.R.Civ.P. 19(a) provides in part that "[s]ubject to the provisions of * * * subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side * * *." Michigan Mutual does have a joint interest in the present suit along with plaintiff. Subdivision (b) further provides in part that, "[w]hen persons who are not indispensable, but, who ought to be parties *if complete relief is to be accorded between those already parties* * * * have not been made parties, * * * the court shall order them summoned to appear in the action * * *." (Emphasis added). In so far as Rule 19 (b) is concerned there is no question but that in the present case complete relief can be accorded to those who are already parties without the joinder of Michigan Mutual. The underlying objective of Rule 19 is to render complete relief to the parties before the Court, avoid multiple suits, and generally promote the economy and efficiency of judicial action. The defendant has not shown the Court that any such factors exist. On the contrary, it appears to the Court that there is no possibility of a multiplicity of suits; there can be but one recovery under Illinois law. The Court finds therefore that Michigan Mutual is not a necessary party under Rule 19 and should not be joined in the present action as a party plaintiff. Braniff Airways v. Falkingham, 20 F. R.D. 141 (D.Minn.1957).

The two principal cases upon which defendant bases its motion for joinder, United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1950) and Nat'l. Garment Co. v. New York C. & St. L. R. R., 173 F.2d 32 (8th Cir. 1949), are distinguishable. In both cases the defendants were faced with the possibility of multiple suits or "split causes of action."

 In addition, the Court finds that the defendant has failed to demonstrate any reason that would warrant this Court, in the exercise of its discretion, to cause Michigan Mutual to be made a party to the present suit. Whatever reason defendants may have for wanting Michigan Mutual joined herein is outweighed by plaintiff's right to bring his action and proceed in the manner in which he desires, absent any showing of prejudice by the defendants. It would appear that defendants, at the time of trial, would be entitled to indicate the interest of Michigan Mutual in plaintiff's claim. United States v. Aetna Cas. & Surety Co., supra, at 382, 70 S.Ct. at 216.

It is ordered that the defendant's motion for production of documents be granted; plaintiff shall produce the documents set out in said motion on or before May 20, 1965, in a manner, or at a time and place convenient to the parties concerned.

It is further ordered that the motion of the defendant requesting the Court to join as party plaintiff, Joan Wright, wife of Darwin R. Wright, plaintiff, be denied.

It is further ordered that the motion of the defendant requesting the Court to join as party plaintiff Michigan Mutual Liability Company be denied.