William SIKORA, Plaintiff,

v.

AFD INDUSTRIES, INC. and Verto Staalkabel BV, Inc., d/b/a United Ropes, Defendants,

Verto STAALKABEL B.V., Cross–Claimant,

v.

AFD INDUSTRIES, INC., Cross–Defendant,

Verto STAALKABEL B.V. Third Party Plaintiff,

v.

MONTGOMERY KONE, INC., f/k/a Montgomery Elevator Co., Third Party Defendant.

No. 98 C 1116.

United States District Court, N.D. Illinois, Eastern Division.

July 9, 1998.

Lorna E. Propes, Cahill, Christian & Kunkle, Ltd., Michael J. Kane, Law Offices of Michael J. Kane, Chicago, IL, for William Sikora.

Dominick W. Savaiano, Paul Bozych, John Edward DeLascio, Clausen Miller P.C., Chicago, IL, for AFD Industries, Inc.

William Joseph Morris, Jeffrey W. Gunn, Morris & Stella, Chicago, IL, for Verto Staalkabel BV, Inc.

Charles P. Menges, Thomas R. Schutt, Menges, Mikus & Molzahn, Chicago, IL, for Montogomery Kone Inc.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff allegedly suffered serious personal injuries in an accident on April 30, 1993, while he was doing maintenance work on an elevator on behalf of his employer, Montgomery Kone, Inc. (Montgomery). On July 14, 1994, he filed an action in state court against Montgomery's parent and against Verto Staalkabel B.V. (Verto), a Netherlands company that manufactured the elevator cables, and AFD Industries, Inc. (AFD), the distributor of the cables. Verto was served on March 23, 1995. AFD brought a third party action for contribution against Montgomery on August 1, 1996; that action was dismissed on November 15, 1996, pursuant to 735 ILCS 5/13–204(b). On December 31, 1997, plaintiff voluntarily dismissed his lawsuit without prejudice.

On February 6, 1998, plaintiff filed a new action for his personal injuries against AFD and Verto, who removed the action to federal court. Verto then filed a third party action against Montgomery. Montgomery moved to dismiss and on April 27, 1998, this court granted Montgomery's motion on the grounds that Verto's third party action was filed beyond the limitations period specified in 735 ILCS 5/13–204(b) (April 27 order). Verto now moves this court to reconsider that decision. In the alternative, Verto moves for an order joining Montgomery as a real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure, and requiring Montgomery to plead its worker's compensation lien, and for leave to file a counterclaim for equitable recoupment against Montgomery pursuant to Rules 13(h) and 19(a). For the reasons stated below, we deny Verto's motion to reconsider and grant its motion to join Montgomery and file a counterclaim.

### DISCUSSION

In our April 27 order we found that 735 ILCS 5/13–204(b) operated to bar Verto's third party action against Montgomery. That section, which is set forth in the margin, prescribes a two-year statute of limitations for third party actions for contribution or indemnity.[1] The limitations period begins to run when the party seeking contribution is served with process in the underlying action,

---

1. 735 ILCS 5/13–204(b) states as follows:

   In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

or when the party knew or should have known of the act giving rise to the contribution claim, whichever is later. As Verto was served in plaintiff's original action on March 23, 1995, we found that its attempt to file a third party action for contribution against Montgomery in 1998 was clearly barred by the limitations period, especially in light of the fact that Verto had failed to file its action before plaintiff voluntarily dismissed his original lawsuit. In making this finding we relied on the well-established rule that a statute of repose is an absolute bar to an action, *see Vaughn v. Speaker*, 126 Ill.2d 150, 127 Ill.Dec. 803, 533 N.E.2d 885, 890 (1988), *cert. denied*, 492 U.S. 907, 109 S.Ct. 3218, 106 L.Ed.2d 568 (1989), as well as the fact that there was no statutory authority for permitting a third party contribution action to be revived after the limitations period had run (April 27 order at 2).

■ Verto now moves to reconsider this finding. A motion for reconsideration is only appropriate to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987). Reconsideration is not an appropriate forum for rehashing previously rejected arguments, *In re Oil Spill by Amoco Cadiz*, 794 F.Supp. 261, 267 (N.D.Ill.1992), *aff'd* 4 F.3d 997 (7th Cir.1993), nor "should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985).

■ In its motion to reconsider Verto presents "new" evidence (in the form of an offer to amend its third party complaint) and, on the basis of this evidence, asks this court to change its original determination of this matter. Specifically, Verto states that Montgomery has paid plaintiff $478,373.68 for worker's compensation benefits, and that Montgomery is therefore entitled under Illinois law to recover these payments in the event plaintiff should prevail against one of the named defendants to this lawsuit. *See* 820 ILCS 305/5(b). Illinois law also provides Montgomery a right of intervention in the

underlying lawsuit to protect its interest, and a right to sue Verto directly. 805 ILCS 305/5(b). Given Montgomery's status as statutory lienholder, and its right of intervention, Verto contends that strict application of the statute of limitations here would work a grave injustice. Although it concedes that 735 ILCS 5/13–204(b) should operate to bar contribution actions filed by "a stranger to the litigation" after the limitations period where the underlying action has been refiled, Verto argues an exception should exist where the third party is in effect a real party in interest by virtue its statutory rights. Thus, Verto asserts, if Montgomery's right to intervene and recover has not been extinguished by plaintiff's voluntary dismissal, neither should Verto's right to bring a contribution action be extinguished. Verto's argument is flawed for a number of reasons.

■ First, Verto's argument relies on a false equation of Montgomery's "right to bring a direct action against Verto . . . and . . . to intervene in the present lawsuit" and Verto's "right to bring what is effectively a counterclaim action for contribution against Montgomery" (Verto Mo. to Reconsider at 4). These two "rights" are not equivalent under Illinois law. Under the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, an employer who has paid workers' compensation benefits to an employee injured, at least in part, by the actions of a third party, shall receive "the amount of compensation paid . . . by him to such employee" in the event that the employee recovers from the third party. 805 ILCS 305/5(b).[2] To enforce this right, the employer may either join in a lawsuit filed by the employee or file an action directly against the third party within the time period specified by the Act. *Id.* The employer's right in this situation is strictly contingent upon the employee's and/or employer's ability to recover from the third party tortfeasor, and the only time-limitations are the ones applicable to the underlying lawsuit. *See Danville Producers Dairy ex. rel. Employers Mut. Liab. Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 33 Ill.App.2d 359, 179 N.E.2d 439 (1962). Since plaintiff in

---

2. We note that the applicable statutory provision is the pre–1995 version of 820 ILCS 305/5, since the 1995 amendments, by their own terms, do not apply retroactively.

this case was permitted to refile his lawsuit within one year of a voluntary dismissal, *see* 735 ILCS 5/1–217, Montgomery's right to recover against its statutory lien was not extinguished.

■ This is distinct from a third party's right to contribution under the Illinois Contribution Statute. *See* 740 ILCS 100/0.01 *et seq.* That right is clearly delimited by the two-year statute of limitation set forth in § 735 ILCS 5/13–204(b), which extinguishes any claims to contribution filed after the limitations period has run. Thus, a third party's action for contribution that is not filed within the prescribed period is barred, and this bar continues in effect even when the plaintiff is permitted to refile the underlying action. As we noted in our previous order, nothing in the statute would indicate a different result is warranted simply because the third party defendant happens to hold a statutory lien on plaintiff's recovery. The distinction between a third party's right to contribution and an employer's right to recover against its statutory lien is apparent from the plain language of the different statutes: the former is governed by an independent statute of limitations which serves as an absolute bar to actions filed after two years, while the latter is governed by the limitations period applicable to the underlying actions. Thus, it is perfectly consistent with the statutory scheme to dismiss Verto's third party action while leaving Montgomery's potential right to recover intact.

As we indicated in our previous order, Verto's argument against this conclusion may have had some validity if plaintiff had voluntarily dismissed his action prior to the time that Verto's right to bring a third party action for contribution expired. In that situation, Verto's right would have been, in effect, prematurely abrogated by the dismissal and an equitable argument in favor of tolling the limitations period would have been much stronger. However, plaintiff's original lawsuit was dismissed on December 31, 1997, more than two years after Verto was initially served. At this time Verto had not brought a third party action against Montgomery and could not have done so since the limitations period had expired under § 735 ILCS 204(b).

In these circumstances it is not inequitable to dismiss Verto's action against Montgomery; in fact, it would be inequitable to permit Verto's action to go forward, as that would in effect give Verto a second chance to pursue Montgomery after it had squandered its initial opportunity to do so. We do not think that the limitations period was designed to grant third party plaintiffs such an unexpected boon.

■ Moreover, Verto misses the mark when it argues that it is unfair to permit Montgomery to "revive" its right to recover against its statutory lien, while precluding Verto from "reviving" its right to recover contribution from Montgomery. This is simply an inaccurate reading of the applicable statutes. Montgomery's right to recover and intervene was not extinguished by plaintiff's 1997 voluntary dismissal, since plaintiff was afforded the right to refile within one year. Therefore, under the explicit terms of the statute—which permit an employer to intervene in a current action, or file its own action within 3 months prior to the running of the employee's limitation period—Montgomery's ability to recover against its lien remained in effect during that time period and was not "revived" by plaintiff's refiling of the instant action. This is in stark contrast to Verto's right to file a third party action, which was barred by 735 ILCS 5/13–204(b). Such an action barred by a statute of limitations cannot simply be "revived," as Verto contends. To the contrary, as we stated previously, it is well established that a party's failure to comply with the applicable limitations period is not a mere procedural default, but rather an absolute bar to the action. *Vaughn,* 127 Ill.Dec. 803, 533 N.E.2d at 890. Accordingly, we reaffirm our original finding that Verto's third party contribution action against Montgomery is time-barred under 735 ILCS 5/13–204 and therefore deny Verto's motion to reconsider. Verto's motion for leave to file an amended third party complaint is also denied.

■ In the alternative, Verto moves to join Montgomery as a party plaintiff under Rule 17(a), and to file a counterclaim for equitable recoupment under Rules 13(h) and 19(a). Under Rule 17(a), "[e]very action

shall be prosecuted in the name of the real party in interest." In a diversity case such as this one, to determine whether a party is a real party in interest the court must look to state substantive law. *State Security Ins. Co. v. Frank B. Hall & Co.,* 109 F.R.D. 99, 101 (N.D.Ill.1986). Under Illinois law, Montgomery is entitled to any recovery made by plaintiff from third party tortfeasors up to the amount it has paid in workers' compensation. 820 ILCS 305/5(b). Verto argues that this provision places Montgomery in the position of partial subrogee since its statutory lien on plaintiff's recovery operates like a subrogation clause in an insurance contract which entitles an insurer to reimbursement of payments made to the insured in the event of a third party recovery. We agree. Even though Montgomery's right to recover derives from state statute rather than private contract, it entitles Montgomery to succeed to plaintiff's claim to damages up to the amount of workers' compensation benefits already paid. Illinois courts have acknowledged that this right is one of subrogation. *See Halleck v. Coastal Building Maintenance Co.,* 269 Ill.App.3d 887, 207 Ill.Dec. 387, 647 N.E.2d 618, 629 (1995).

■ Given that Montgomery is a partial subrogee, the law in this circuit requires that it be joined as a real party in interest under Rule 17(a). *See Wadsworth v. United States Postal Service,* 511 F.2d 64, 67 (7th Cir.1975); *Bastian v. TPI Corp.,* 663 F.Supp. 474, 476 (N.D.Ill.1987). In *Wadsworth,* the Seventh Circuit held that a subrogee insurer should be joined as a real party in interest on a defendant's motion for such joinder. 511 F.2d at 65. That case requires mandatory joinder here. *See Bastian,* 663 F.Supp. at 476. Although Verto devotes a substantial portion of its brief to arguing for compulsory joinder under Rule 19(a), we note that *Wads-*

*worth* has made such an analysis unnecessary. This is because the Seventh Circuit regards Rule 17(a) as an independent authority for compulsory joinder, which means that the prerequisites of Rule 19(a) need not be satisfied before joinder is appropriate under Rule 17(a). *See Carpetland U.S.A. v. J.L. Adler Roofing, Inc.,* 107 F.R.D. 357, 359–60 (N.D.Ill.1985).[3]

Montgomery responds that Verto is incorrectly attempting to use Rule 17(a) to force Montgomery to join the litigation as a party solely because Verto missed the limitation period specified by Illinois law within which to bring a contribution action. In this circumstance it contends that this court should not employ a federal procedural rule that will directly alter its substantive right under Illinois law to be free from Verto's time-barred contribution suit.

Although we agree with Montgomery that Verto's motion to join appears to be an attempt to do through joinder what it could not otherwise do directly through a third party action, we are constrained by Seventh Circuit precedent to require Montgomery's joinder in this case. We have already expressed our reluctance to join a partial subrogee under Rule 17(a) on a defendant's motion, and we reiterate that sentiment here, especially since it seems clear that Verto is using joinder to get around the state court limitations period. However, we are not writing on a blank slate, as *Wadsworth* controls the joinder of subrogees in this circuit. *Carpetland,* 107 F.R.D. at 359. Verto's motion to join Montgomery is granted.[4]

It remains for us to determine whether to grant Verto leave to file a counterclaim for recoupment against Montgomery. Verto argues that it should be permitted to file its counterclaim under Rule 13(h). That rule

---

3. Verto correctly points out that only one other case has addressed the issue of joinder in the context of the Illinois Workers' Compensation Act. That case, *Wright v. Schebler Co.,* 37 F.R.D. 319 (S.D.Iowa 1965), held that a workers' compensation insurance carrier that had paid part of the plaintiff's loss was a subrogee to plaintiff's recovery and a real party in interest under Rule 17(a), *id.* at 321, but not a necessary party requiring joinder under Rule 19, *id.* at 322. While we agree with *Wright* to the extent that it held that a carrier that makes workers' compensation

payments is a subrogee under the Illinois Act, we must discount that portion of the opinion which addressed joinder under Rule 19 since it was decided well before *Wadsworth* made compulsory joinder of partial subrogees under Rule 17(a) the law in this circuit.

4. As a real-party-in-interest plaintiff, Montgomery will be required to plead its interest as plaintiff's subrogee.

provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." We think that Verto is confused as to the applicability of Rule 13(h), since it is used to join parties for the purposes of adjudicating counterclaims, *see Rayman v. Peoples Savings Corp.*, 735 F.Supp. 842, 853–54 (N.D.Ill.1990), not to file counterclaims against parties already joined, as is the case here. Since we have already found that Montgomery must be joined as a real party in interest under Rule 17(a), the issue is simply whether Verto's counterclaim should be permitted under the provisions of Rule 13(a) or (b).

■■■■ In order to make this determination, we must first consider the substance of the counterclaim that Verto attempts to make. Verto argues that it seeks to reduce its liability to plaintiff in an amount commensurate with Montgomery's fault in causing plaintiff's injuries, but only up to the value of Montgomery's lien. Verto characterizes this claim as one for equitable recoupment. A claim for equitable recoupment is a defensive claim interposed solely to defeat or diminish plaintiff's recovery, *see* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1409, p. 50 (1990), and must arise out of the same underlying transaction. *See Stow v. Yarwood*, 14 Ill. 424, (Ill.1853); *Minex Resources, Inc. v. Morland*, 467 N.W.2d 691 (N.D.1991) (citations omitted); 3 Moore's Federal Practice ¶ 13.02, at p. 13–13 n. 1 (1990). It is permissible for a defendant to make a claim for recoupment against a plaintiff's subrogee, since it is generally true that any defenses that are valid against plaintiff are also valid against its subrogee. *See Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 106 (2d Cir. 1992). Under Rule 13(a), an action for recoupment forms the basis for a compulsory counterclaim, *see Barrett v. L.F.P., Inc.*, No. 85–C–6495, 1986 WL 7698, *2 (N.D.Ill. June 27, 1986) (citing 2A Moore & Lucas, Moore's Federal Practice § 8.27[3] (1985)), since, by definition, it arises out of the same transaction or occurrence that forms the basis of the opposing party's claim.

■■■ Since Verto's recoupment claim in this case clearly arises out of the same transaction as plaintiff's claim for damages—as it merely seeks to abate plaintiff's recovery by the amount of Montgomery's liability for the underlying injury—it would seem that Verto's motion for leave to file a counterclaim should be granted. The problem, as Verto anticipates, is that an equitable recoupment claim in this context looks strangely similar to a contribution claim, which we have already held Verto cannot make since it is barred by the applicable statute of limitations. In fact, the way that Verto characterizes its claim—as one which would reduce its liability to plaintiff in an amount commensurate with Montgomery's fault in causing plaintiff's injuries, but only up to the value of Montgomery's lien—is precisely the formulation for third party contribution claims against employers articulated by the Illinois Supreme Court. *See Kotecki v. Cyclops Welding Corp.*, 146 Ill.2d 155, 166 Ill.Dec. 1, 585 N.E.2d 1023 (1991).

However, there is a crucial difference between contribution and recoupment, and that is that the latter cannot serve as a basis for affirmative relief while the former can. *Compare* 6 Wright, Miller & Kane, Federal Practice and Procedure § 1409, p. 50 (1990) *with* 740 ILCS 100/2. Thus, in this case, while Verto cannot bring a third party action for contribution against Montgomery, it can seek to abate any potential recovery by plaintiff in an amount proportionate to Montgomery's liability, if any, for the accident. If we assume, for purposes of illustration, that plaintiff obtains a verdict against Verto in excess of the lien, and Montgomery's liability is determined to be in excess of the lien, plaintiff will receive the same amount he would receive absent recoupment. Verto will not, however, be obligated to reimburse Montgomery but it cannot recover from Montgomery any amount in excess of the lien. Unlike the contribution claim, Verto's claim for recoupment is not barred by untimeliness since it survives as long as plaintiff's claim can be asserted. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure, § 1419, p. 153–54 (1990). Moreover, as Illinois law permits equitable recoupment

counterclaims, *see Cox v. Doctor's Assoc., Inc.*, 245 Ill.App.3d 186, 184 Ill.Dec. 714, 613 N.E.2d 1306, 1317 (1993), the inclusion of Verto's counterclaim under the federal rules would not, as Montgomery contends, constitute an impermissible instance of applying federal procedural rules to abrogate a party's substantive right secured by state law.

Accordingly, we find that Verto's claim for equitable recoupment is an appropriate counterclaim under Rule 13(a). We therefore grant Verto's motion for leave to file a counterclaim for equitable recoupment.

## CONCLUSION

For the foregoing reasons, Verto's motion to reconsider is denied and its motion to join Montgomery and file a counterclaim is granted.